**Juan Antonio RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00689–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 9, 1996.

Rehearing Overruled Nov. 11, 1996.

Robert McGlohon, Jr., San Antonio, for appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

Juan Antonio Rodriguez appeals his conviction of intoxication manslaughter, for which he received a sentence of seventeen years imprisonment. Trial was before the bench on a plea of guilty. In four points of error, Rodriguez argues that his conviction should be overturned because his guilty plea was not knowingly and voluntarily made as a result of an improper admonishment by the trial court and, further, because of ineffective assistance of counsel. We affirm the judgment of the trial court.

## FACTS

In the early morning hours, Rodriguez was driving southbound at a high rate of speed in the northbound lanes of State Highway 281 in San Antonio, Texas, when his car struck a northbound vehicle head-on, killing the 20 year old passenger in that vehicle. After the accident, it was determined that Rodriguez had a blood-alcohol content measuring 0.22, well above the maximum legal limit.

Rodriguez was subsequently indicted for the offense of intoxication manslaughter. The State filed a notice of intent to seek an affirmative finding that a deadly weapon—the vehicle—was used in the commission of the crime.

At the plea hearing, Rodriguez pled guilty to intoxication manslaughter without the benefit of a plea bargain, and he applied for community supervision (probation). The court accepted the guilty plea based on the evidence presented. At a later sentencing hearing, the court assessed a seventeen year prison term. After pronouncing the sentence, the court made an affirmative finding that a deadly weapon had been used in the crime.

## ELIGIBILITY FOR COMMUNITY SUPERVISION

In his first point of error, Rodriguez contends the trial court erred in failing to properly warn him that he was ineligible for community supervision prior to accepting the guilty plea.

Article 26.13 of the Texas Code of Criminal Procedure requires a court, prior to accepting a guilty or nolo contendere plea, to admonish the defendant on a number of matters, including the range of punishment for the charged offense and the non-binding effect of the State's punishment recommendations. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989). While admonishment on the range of punishment is required, the trial court is under no duty to admonish the defendant regarding his or her eligibility for community supervision. *Ex Parte Williams,* 704 S.W.2d 773, 775 (Tex.Crim. App.1986). However, when a trial court chooses to admonish on the availability of community supervision, it must do so accurately. *See id.* In this context, the *Williams* court explained that

a plea is involuntarily induced: 1) when a defendant shows that the trial court volunteered an admonishment that included information on the availability of probation, thereby creating an affirmative duty on the part of the trial judge to provide accurate information on the availability of probation, 2) when a defendant shows that the trial court provided him with inaccurate information on the availability of probation, thereby leaving the defendant unaware of the consequences of his plea, and 3) when a defendant makes an objection showing that he was misled or harmed by the inaccurate admonishment.

*Id.* at 776–77.

At the plea hearing, Rodriguez was fully admonished pursuant to article 26.13 of the Texas Code of Criminal Procedure, and he pled guilty. The trial court accepted the plea, whereupon the following exchange occurred:

THE COURT: You understand you're applying for community supervision? Do you understand that the full range of punishment is left up to me. There's no plea bargain in this case.

THE DEFENDANT: I understand that, sir.

THE COURT: That I can give you anywhere from two to twenty years in prison. Do you understand that?

THE DEFENDANT: I understand that.

THE COURT: Okay....

. . . .

THE COURT: Since you made an application for probation, community supervision, I'm going to reset your case for a presentence investigation. When I get that back, I'll let you know—well, I'm going to make a finding that he is guilty of the offense as alleged in 95–CR–0957.

Since he's not eligible for deferred adjudication, then I'll reset his case for presentence investigation. When I get that back I'll let you know what your sentence is going to be. You understand that? ... THE DEFENDANT: I understand.

At the time of the plea hearing, Rodriguez remained eligible for community supervision. He would remain eligible so long as the sentence did not exceed ten years or the judge did not make an affirmative finding that Rodriguez used a deadly weapon. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3 (Vernon Supp.1996).

■ The trial court acknowledged Rodriguez' application for community supervision, but made no representations concerning whether Rodriguez would receive community supervision upon his guilty plea. The court simply ensured that Rodriguez completely understood that punishment was left up to the judge and that such punishment could include twenty years in prison. Because intoxication manslaughter is not an offense specifically excluded from community supervision eligibility, there was no misrepresentation of Rodriguez' eligibility. *See id.* at § 3g.

■ The trial court's finding of Rodriguez' guilt at the plea hearing also did not automatically signify that the judge had found, or was going to find, that a deadly weapon was used in the commission of the crime. *See Graves v. State,* 803 S.W.2d 342, 343 (Tex.

App.—Houston [14th Dist.] 1990, pet. ref'd). Neither did a finding of guilt signify that the trial court was going to sentence Rodriguez to serve more than ten years in prison. As noted, either one or both of those occurrences would have made Rodriguez ineligible for community supervision, but at the time of the plea it was an open question as to what the judge was going to do. The judge did not make the affirmative finding of the use of a deadly weapon until *after* he sentenced Rodriguez to seventeen years imprisonment. Thus, at the time Rodriguez entered his plea, the admonishments were accurate and did not misstate Rodriguez' eligibility for community supervision.

■ Rodriguez claims, however, that because the State had filed a notice of its intent to seek an affirmative finding of the use of a deadly weapon in the commission of the crime and because the evidence to support such a finding was overwhelming, the trial court was required to enter that finding by virtue of the plain language of TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2).[1] That being the case, it is argued, the trial court should have admonished Rodriguez at the plea hearing that he was, in fact, ineligible for community supervision. We are cited, however, to no authority in support of that contention, and we reject such an interpretation of the statute.

■ When the record reflects that the trial court appropriately admonished the defendant, a *prima facie* showing that the defendant's guilty plea was knowing and voluntary is established. *Ex Parte McAtee,* 599 S.W.2d 335, 336 (Tex.Crim.App.1980), *overruled on other grounds by Ex Parte Tovar,* 901 S.W.2d 484 (Tex.Crim.App.1995); *Crawford v. State,* 890 S.W.2d 941, 944 (Tex. App.—San Antonio 1994, no pet.); *Tovar–Torres v. State,* 860 S.W.2d 176, 178 (Tex.

1. This section states:
   The provisions of Section 3 of this article [judge ordered community supervision] do not apply:
   ....
   to a defendant when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment.
   TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (Vernon Supp.1996).

App.—Dallas 1993, no pet.); *see Morales v. State,* 872 S.W.2d 753, 754 (Tex.Crim.App. 1994). The burden then shifts to the defendant to prove that he did not understand the consequences of his plea. *McAtee,* 599 S.W.2d at 336; *Crawford,* 890 S.W.2d at 944; *Tovar–Torres,* 860 S.W.2d at 178. This burden is quite heavy, especially when, as here, the defendant states that he understands the nature of the proceeding, that the allegations are true, and that no outside pressure or influences coerced him into making the plea. *Crawford,* 890 S.W.2d at 944. A plea does not become involuntary simply because a defendant receives a greater punishment than he expected. *Tovar–Torres,* 860 S.W.2d at 178; *Crawford,* 890 S.W.2d at 945.

The record reflects the trial court properly admonished Rodriguez and that Rodriguez understood the full range of punishment was left up to the judge. We find no evidence indicating that Rodriguez was unaware of the consequences of his plea. Appellant's first point of error is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

■ Rodriguez' second, third, and fourth points of error complain of the ineffective assistance of his trial counsel. Rodriguez first claims his plea was not knowingly and voluntarily made due to his trial counsel's erroneous advice concerning the possibility of probation. Because his plea was therefore involuntary, Rodriguez next claims that the case should be remanded to the trial court for an out-of-time motion for new trial. Finally, Rodriguez claims that even if his plea was knowingly and voluntarily made, his trial attorney rendered ineffective assistance of counsel by not advising him to have a jury assess punishment.

The criteria for assessing ineffective assistance of counsel has been set forth by the United States Supreme Court in *Strickland v. Washington. Hernandez v. State,* 726 S.W.2d 53, 54–55 (Tex.Crim.App.1986) (quoting *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The *Strickland* test

focuses on reasonableness, measuring the assistance received against the prevailing norms of the legal profession. *Id.* Counsel is presumed to have rendered adequate assistance, and it is incumbent on the defendant to identify those acts or omissions which do not amount to reasonable professional judgment and are outside the "range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. To show prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Rodriguez argues that because a deadly weapon finding was virtually a given under the facts of this case, as a practical matter he was never really eligible for community supervision when punishment was to be decided by the court. He says his only chance, then, for community supervision was if he elected sentencing by a jury. Consequently, he complains that his trial counsel was ineffective in failing to inform him of these facts at the time of the plea hearing. The implication is that, had he known, Rodriguez would have chosen a jury trial in hopes that the jury would give him community supervision.[2]

But as pointed out above, Rodriguez was in fact eligible for community supervision at the time the plea was entered. The trial court was under no legal obligation to enter a deadly weapon finding against Rodriguez, and it was an open question as to how much jail time, if any, would be ordered. Community supervision was certainly an option within the discretion of the trial judge.

Under virtually identical facts, the Fourteenth Court of Appeals ruled against the defendant's claim of ineffective assistance. In *Graves v. State,* the defendant appealed his murder conviction alleging that his guilty plea was involuntary due to the ineffective assistance of his attorney; he claimed his attorney induced him to plead guilty on the belief that he might be placed on probation. 803 S.W.2d at 343. The defendant claimed the attorney's advice was erroneous because

---

**2.** But any such implication is discounted by Rodriguez' own testimony at the sentencing hearing: "If this were to happen to me, I would want

justice to be done, and I don't see probation as being a just sentence for anyone. I should be punished for what I've done."

the judge sentenced him to twenty-five years in prison and found that a deadly weapon had been used in the crime. *Id.* The appeals court affirmed the conviction, holding that the defendant's plea was knowing and voluntary. *Id.* In determining whether the attorney's statements regarding probation eligibility were erroneous, the court looked at the time the plea was made. *Id.* At the time the plea was entered, the defendant was eligible for probation since the judge had not yet sentenced him, the possibility of a sentence of less than ten years still existed, and the judge had not yet made an affirmative finding regarding the deadly weapon. *Id.* at 343, 345. Thus, because the record did not reflect any promises regarding probation or any misstatements concerning the defendant's eligibility for probation, the court concluded that the defendant's attorney's advice was reasonable and not erroneous. *Id.* at 345, 347. The court added that unsuccessful strategies do not render a plea involuntary. *Id.* at 345.

We believe *Graves* is instructive here. At the time of Rodriguez' guilty plea, he remained eligible for community supervision. It was still possible that he could be sentenced to less than ten years, and the court had not yet found that a deadly weapon was used. Additionally, we found no evidence in the record of any assurances or promises by Rodriguez' attorney concerning community supervision. The record reflects only that Rodriguez' attorney said community supervision was a possibility. We conclude that the attorney's advice was not erroneous and was reasonable.

Rodriguez has therefore failed to establish that his trial attorney's representation fell below objective standards of reasonableness or that he was prejudiced as a result of his attorney's performance. Points of error two, three and four are overruled.

The judgment is affirmed.