No. 04-99-00439-CR


John F. SAUNDERS,


Appellant


v.


The STATE of Texas,


Appellee


From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-3107


Honorable Mark Luitjen,(1) Judge Presiding


Opinion by: Sarah B. Duncan, Justice

Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

Delivered and Filed: March 8, 2000

AFFIRMED

 John F. Saunders appeals the trial court's judgment entered pursuant to his plea of nolo
contendere. Saunders argues his plea was involuntary because the State reneged on its end of the plea
bargain. We disagree and affirm.

Factual and Procedural Background


 Saunders, indicted for indecency with a child by contact, reached a plea agreement with the
State under which he agreed to plead nolo contendere if the State would recommend punishment of
no more than three years in prison and a $1000 fine and would remain silent on Saunders' application
for probation. The court held a plea hearing at which it presented Saunders with the requisite
admonitions. However, before the court accepted Saunders' plea, it noticed the State had agreed to
remain silent on the issue of probation. The court then remarked:

 COURT: Isn't this one where he can only be granted deferred [adjudication], as
opposed to regular [probation]? It's an indecency with contact.

 STATE: That's correct.

 COURT: And I thought that the jury has to be the one to grant regular probation on
indecency cases now.

 STATE: That I believe's correct, Judge.

 COURT: Right.

 STATE: If the offense is after May 23rd of '97.

 COURT: Uh-huh. And this is March of 1998? See, there's two kinds of supervision.
There's regular and there's deferred, and the jury is the only one that can grant
regular probation on an indecency. And your plea bargain says they are going to be
silent on the regular.

 STATE: We would be silent on the application for deferred.

 COURT: So the only thing you can apply for is deferred. Do you understand that?
Maybe you need to talk to him a little bit.

 DEFENSE ATTORNEY: Yeah, we can talk about that, Your Honor.

 STATE: Thank you, Your Honor.

The court took a recess while Saunders and his attorney apparently discussed the situation. When
they returned, the following exchange took place:

 COURT: Your plea bargain is for three years, $1,000 fine. The State is silent on your
application for deferred. You are not eligible for probation. We took a break so you
could talk to your lawyer about this.

 SAUNDERS: Yes, ma'am.

 COURT: Do you understand how this works?

 SAUNDERS: Yes.

The court went on to explain that while the State would remain silent on the issue of deferred
adjudication, Saunders was not guaranteed to receive deferred adjudication. The court then asked
Saunders whether he wanted it to follow the plea bargain, and Saunders indicated that he did. The
trial court accepted Saunders' plea of no contest and ordered a presentence report. At the subsequent
sentencing hearing, the trial court denied Saunders' application for deferred adjudication and
sentenced Saunders to three years in prison and a $1000 fine.

Discussion


 Saunders argues his plea was involuntary because the State did not carry out its end of the
plea bargain. Specifically, Saunders argues probation was the convincing factor in his pleading nolo
contendere to the charge, and he would not have pleaded guilty had he known probation was not
available to him. We disagree.

 To determine whether a plea of nolo contendere was knowing and voluntary, we look at the
totality of the circumstances surrounding the entry of the plea, including the written stipulations and
waivers. Gonzales v. State, 963 S.W.2d 844, 846 (Tex. App.--San Antonio 1998, no pet.). "When
the record reflects that the trial court appropriately admonished the defendant, a prima facie showing
that the defendant's guilty plea was knowing and voluntary is established." Rodriguez v. State, 933
S.W.2d 702, 705 (Tex. App.--San Antonio 1996, pet. ref'd). "The burden then shifts to the
defendant to prove that he did not understand the consequences of his plea." Id. at 706. This burden
is particularly heavy when the defendant states he understands the nature of the proceeding and his
plea is voluntary. Id.

 When a defendant enters a nolo contendere plea pursuant to a plea bargain, the State must
fulfill its part of the agreement or the plea is rendered involuntary. DeRusse v. State, 579 S.W.2d 224,
236 (Tex. Crim. App. [Panel Op.] 1979); Bryant v. State, 974 S.W.2d 395, 398 (Tex. App.--San
Antonio 1998, pet. ref'd). However, a State may change or withdraw its offer anytime before the
defendant enters his plea and the court agrees to be bound by the plea agreement. DeRusse, 579
S.W.2d at 236; Bryant, 974 S.W.2d at 398. Furthermore, a defendant may knowingly and voluntarily
enter a plea despite a State's reneging on its promise under a plea bargain if the State reneges before
the court accepted the defendant's plea, the court admonishes the defendant of his rights and options
in the wake of the State's reneging, and the defendant indicates he understands his rights and options
and still pleads nolo contendere. Bryant, 974 S.W.2d at 398.

 Here, if the State reneged, it did so before Saunders pleaded and the court accepted the plea
agreement. Furthermore, the trial court explained to Saunders that he could not receive normal
probation but only deferred adjudication. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon
Supp. 1999); Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon Supp. 1999). Saunders was even given
time to discuss this issue with his attorney and, upon returning to the hearing, Saunders indicated he
understood he was not eligible for probation. Under these circumstances, we hold Saunders' plea of
nolo contendere was made knowingly and voluntarily at the time it was entered, Bryant, 974 S.W.2d
at 398, and we affirm the trial court's judgment.

 Sarah B. Duncan, Justice

Do not publish

1. The Honorable Susan Reed presided over Saunders' plea hearing, while the Honorable Mark Luitjen presided
over his sentencing hearing and signed the judgment.