NO. 07-99-0361-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 30, 2001

______________________________

ROMOLO SALAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 110
TH
 DISTRICT COURT OF FLOYD COUNTY;

NO. 3879; HONORABLE JOHN R. HOLLUMS, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Romolo Salas appeals from a sentence of 15 years and 2 months incarceration and a $3,000 fine following his guilty plea to a charge of delivery of cocaine.  He alleges that he received ineffective assistance of counsel, his guilty plea was not voluntary, and the judgment incorrectly recites that his plea was pursuant to a plea bargain.  We reform the judgment to delete the statement that the guilty plea was the product of a plea bargain, and as reformed, affirm.

BACKGROUND

Appellant was indicted by a grand jury of Floyd County for delivery of a controlled substance which allegedly occurred on or about April 9, 1998.  The alleged substance was cocaine in the amount of one gram or more, but less than four grams.  Arraignment was waived in October, 1999.  Thereafter, appellant was granted four continuances from trial settings.  The first was because his counsel had just received discovery from the State, and was not yet prepared for trial.  The other three were because appellant’s counsel was set for trial in other criminal cases, one of which was a capital murder case.  

Appellant pled guilty on June 18, 1999.  There was no plea bargain.  On the same date, appellant executed Waiver of Jury Trial, Admonition of Rights, and Stipulation of Evidence.  The trial judge executed a Certificate of Findings wherein the judge stated that  after explaining to appellant his right to a jury trial and explaining the warnings in the Admonishment of Rights executed by appellant, the judge found that appellant understood his rights, knowingly and voluntarily waived them, and knowingly, freely and intelligently entered the plea of guilty.  Appellant also filed a Motion for Probation.

At the guilty plea hearing, appellant was admonished verbally by the court, and examined as to his understanding of and the validity of his written Admonition of Rights.  Appellant testified that he understood the punishment range, that there was no plea bargain, and that he was pleading guilty for no reason other than his guilt.  The court accepted the plea and found appellant guilty.  

On punishment, the State put on testimony of the undercover officer who purchased cocaine from appellant.  The State’s theory was that appellant was a drug dealer and should receive the maximum sentence of 20 years.  Appellant called witnesses to testify that they and appellant were drug “users,” but that appellant was not a drug dealer.  Appellant testified to the same effect.  Counsel for appellant then argued to the judge that appellant should not be sent to prison, but that he should be allowed to avoid incarceration so he could get treatment and support his family.

After the trial judge sentenced him to 15 years and 2 months incarceration and a $3,000 fine, appellant filed a motion for new trial.  The motion alleged that his guilty plea was not voluntarily and knowingly made.  He alleged that he was told by his trial counsel that the judge would place him on probation if he pled guilty.  He attached his affidavit to the same effect to the motion for new trial.  

The State responded with an affidavit from appellant’s trial counsel.  The contents of that affidavit were to the effect that counsel never told appellant that the judge was going to give probation, and that the plea bargain offer by the State had been communicated to appellant.  By his affidavit, trial counsel also averred that he told appellant that appellant (1) did not have to plead guilty, (2) could go to trial, (3) would probably have to serve time in prison, (4) did not have to sign the written Waiver of Jury Trial and Admonition of Rights, and (5) whether to plead guilty was up to appellant. 

The record does not reflect that a hearing was requested or held on the motion for new trial, or that it was presented to the trial judge.    

Appellant’s first seven issues address whether appellant received effective assistance of counsel.  Issues 8, 9 and 10 challenge the voluntariness of his guilty plea.  Issue 11 is directed to a recitation in the final judgment that the plea and sentence were pursuant to a plea bargain.  We will address the issues in appropriate groupings.

INEFFECTIVE ASSISTANCE OF COUNSEL

A.  Law

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis which was set forth by the United States Supreme Court in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) for determining such claims under the Sixth Amendment to the United States Constitution: (1) did the defense attorney’s representation fall below an objective standard of reasonableness under the prevailing professional norms, and if so, (2) was there a reasonable probability that but for counsel’s unprofessional errors, the result of the proceedings would have been different.  
See
 
Hernandez v. State
, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting 
Strickland
 as applicable standard under Texas Constitution).  

Judicial review of an ineffective assistance of counsel claim must be highly deferential to trial counsel and avoid using hindsight to evaluate counsel’s actions.  
Ingham v. State
, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984).  The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective.  
Cannon v. State
, 668 S.W.2d 401,403 (Tex.Crim.App. 1984). 
 
When reviewing a claim of ineffective assistance, we indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
  The defendant must overcome the presumption that, under the circumstances, the challenged action 
might
 be considered sound trial strategy.  
Id
.  The defendant asserting ineffective assistance must present a record with evidence of the reason/reasons that the alleged ineffective assistance actions or omissions were not trial strategy.  If the record is silent about the reasons for the questioned actions or omissions, then an appellate court would have to speculate as to the reasons for the actions or alleged omissions on the part of trial counsel. A decision based on speculation would be based on no evidence; even though the actions/alleged omissions might be objectively unreasonable representation under the first prong of the 
Strickland
 test.  
Id
. 

B.  Analysis

  
   The State’s proof at the punishment hearing and its argument as to punishment was directed to showing that appellant was a drug dealer and should be punished commensurately.  The State argued for the maximum sentence of 20 years incarceration.  Appellant’s counsel, on the other hand, questioned witnesses with the seeming intent to show that appellant was not a drug dealer, but was only an individual who used drugs with his adult friends.  This strategy was further evidenced by appellant’s testimony and counsel’s final argument in seeking to have the trial judge sentence appellant to something other than prison.  

Appellant recognizes his burden to prove ineffective assistance of counsel by reference to the record.  To counter the fact that direct evidence of trial counsel’s motives for certain actions is not in the record, he relies on 
Anaya v. State
, 988 S.W.2d 823, 826 (Tex.App.-Amarillo 1999, no pet.), for the proposition that acts of commission may be sufficient to show ineffective assistance of counsel.  He asserts that the acts of trial counsel in (1) eliciting testimony of other offenses, (2) opening the door to otherwise inadmissible evidence of extraneous offenses and bad acts of appellant, and (3) eliciting testimony of extraneous offenses and bad acts by appellant are sufficient to demonstrate ineffective assistance of counsel which undermines confidence in the court’s judgment, without evidence of the motives of counsel.  We disagree.  

An undercover police officer testified that he witnessed appellant possessing cocaine and selling it.  Trial counsel’s actions in eliciting testimony that appellant previously used cocaine and marijuana and needed help to combat a drug habit, as opposed to appellant’s being a drug dealer, does not evidence 
representation falling below an objective standard of reasonableness.  
Unless evidence of appellant’s prior usage of drugs with his friends was before the trial court, counsel would have had little basis to argue that appellant needed treatment, not incarceration.  Counsel was seeking some method to minimize the punishment appellant would receive.  Appellant has not overcome the 
presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  
Jackson
, 877 S.W.2d at 771.  

Appellant, via trial counsel, filed an application for probation.  Under the circumstances, trial counsel’s request that the trial court defer adjudication of guilt after the court had already found appellant guilty, instead of requesting probation, does not evidence such a lack of professional competence as would warrant a finding of ineffective assistance of counsel.  Counsel’s argument to the court was, in effect, that appellant should not be incarcerated, but should be allowed to remain with his family and receive treatment for his drug habit.  An appropriate sentence by the court would have allowed probation or community supervision.  
See
 
Tex. Crim. Proc. Code Ann
. art. 42.12 § 3 (Vernon Supp. 2001)
(footnote: 1).   Furthermore, the trial court assessed a sentence which would not have allowed probation or community supervision.  Thus, regardless of the effectiveness of these actions by counsel, appellant has not proved a reasonable probability that but for the alleged error, the result of the proceedings would have been different.  
See
 
Hernandez
, 726 S.W.2d at 57
.  

Finally, the incarceration portion of the sentence assessed by the trial court was 15 years and 2 months.  The State had offered a plea bargain of 15 years.  The State, however, wanted a fine of $5,000; the trial court assessed a fine of $3,000.  Both the confinement period and the fine were less than the maximum allowed by statute.  The record does not prove that the totality of trial counsel’s representation was such as to undermine confidence in the outcome.  
See
 
Ex parte Walker
,
 777 S.W.2d 427, 430 (Tex.Crim.App.1989).
 

We overrule appellant’s issues 1 through 7.

WHETHER APPELLANT’S GUILTY PLEA WAS VOLUNTARY

A. Law

When a defendant contends that his counsel was ineffective and thereby challenges the voluntariness of a plea entered upon the advice of counsel, the voluntariness of the plea is determined by (1) whether, in giving the advice, counsel conducted himself within the range of competence required of attorneys in criminal cases, and if not, (2) whether a reasonable probability exists that, but for counsel's errors, the defendant would not have entered the plea, but would have insisted on going to trial.  
Ex parte Morrow
, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997), 
citing
 
Hill v. Lockhart
, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, (1985);  
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);  and 
McMann v. Richardson
, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

Proper admonishment of the defendant by the trial court before the defendant pled guilty is 
prima facie
 proof that the plea was voluntary.  
See
 
Ex parte McAtee
, 599 S.W.2d 335, 336 (Tex.Crim.App. 1980); 
Rodriguez v. State
, 933 S.W.2d 702, 705 (Tex.App.--San Antonio 1994, pet. ref’d).  If proper admonishment occurred, the burden is on the defendant to prove that he did not understand the consequences of his plea, and suffered harm and was misled as a result.  Article 26.13(c); 
Rodriguez
, 933 S.W.2d at 705.  If the defendant asserts at the plea hearing that he understands the nature of the proceedings, the indictment allegations are true, and he is not pleading due to any outside influence, then the defendant has a heavy burden at the appellate level to prove that his plea was involuntary.  
Id
. 

B.  Analysis

Via issue 9, appellant urges that he pled guilty because trial counsel assured him that a guilty plea would result in probation.  The plea was thus based on erroneous advice, and ineffective assistance of counsel, he asserts, and that consequently, his plea was not voluntary.  He acknowledges in his brief that nothing in the record of the plea admonishments by the court would have placed the trial court on notice that the plea was not voluntary.  By the written admonishments appellant verified that he was pleading guilty solely because he was guilty, and not because he had been promised anything.  He repeated the statement to the trial judge at the guilty plea hearing.  After the trial judge sentenced him to 15 years and 2 months incarceration, appellant did not advise the judge that he had been promised probation.  Appellant’s affidavit asserting that his counsel promised probation is controverted by an affidavit from his trial counsel.  Appellant did not request a hearing on his motion for new trial, nor was one held.  

This record does not sustain the heavy burden appellant must overcome when faced with the record of his plea.  He asserted at the plea hearing that he understood the nature of the proceedings, the indictment allegations were true, and he was not pleading due to any outside influence.  
See
 
Rodriguez
, 933 S.W.2d at 705. We overrule issue 9. 

Appellant’s issues 8 and 10 assert that his plea of guilty was not voluntary because trial counsel’s strategy for and conduct of the punishment hearing was deficient and ineffective.  He cites no authority for the issues.  Therefore, we consider the issues waived.  
Tex. R. App. P.
 38.1(h); 
see
 
Lawton v. State
, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995). 

   
 By his issue 11, appellant challenges the statement in the judgment to the effect that his sentence was pursuant to a plea bargain.  He says that the sentence was not the product of a plea bargain.  The State agrees.  Accordingly, we sustain the issue.  

CONCLUSION

Appellant’s issues numbers 1 through 10 are overruled.  His issue number 11 is sustained.  The judgment is reformed to alter the following language in the judgment: 

TERMS OF PLEA BARGAIN: Fifteen [15] years and two [2] months in Institutional Division of the Texas Department of Criminal Justice, payment of $3,000.00 fine, restitution and court costs.

to read as follows:

TERMS OF PLEA BARGAIN: not applicable.

Except as specifically reformed, the judgment of the trial court is affirmed.

Phil Johnson

    Justice

Do not publish.

FOOTNOTES
1:
Further references to the Code of Criminal Procedure will be by reference to “Article_.”