COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-304-CR


JOSHUA ALLEN BAGGETT                                                     APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant Joshua Allen Baggett appeals from the revocation of his
probation for the offense of burglary of a habitation and his sentence of five
years’ confinement. In his sole point, appellant complains that the trial court
erred by incorrectly admonishing him on the range of punishment before
accepting his plea of “true” to the State’s allegations in its motion to revoke
appellant’s probation. We affirm.
Facts and Discussion
        Appellant pled guilty to the offense of burglary of a habitation. The trial
court found him guilty, assessed a suspended sentence of ten years’
confinement, and placed him on community supervision for five years. A few
months later, the State filed a motion to revoke his community supervision.
        At the revocation hearing, appellant pled “true” to the three allegations
contained in the petition to revoke. However, the trial court erroneously
admonished appellant in writing that he faced a possible sentence of two to
twenty years’ confinement. The actual sentence appellant faced was two to
ten years’ confinement. The trial court revoked his probation and sentenced
him to five years’ imprisonment.
        On appeal, appellant complains that the trial court erred by incorrectly
admonishing him on the range of punishment before accepting his plea of “true”
to the first, second, and third paragraphs in the State’s motion to revoke
probation. Appellant argues that the trial court violated his right to due process
because the trial court’s erroneous admonishments caused appellant to make
an unknowing and involuntary plea.
        Appellant concedes that the admonishment requirements of article 26.13
of the code of criminal procedure do not apply to probation revocation
proceedings. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2004);
Gutierrez v. State, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); Harris v.
State, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974). However, once the
admonishments have been given, whether required or not, they must be given
correctly. Cf. Rodriguez v. State, 933 S.W.2d 702, 704 (Tex. App.—San
Antonio 1996, pet. ref’d) (holding, in a guilty plea case not involving deferred
adjudication, that although admonishment on availability of community
supervision was not required, once it was given, it had to be accurate).
        Regarding article 26.13 admonishments, substantial compliance by the
trial court is sufficient to meet the statutory standards unless the defendant
was not aware of the consequences of his plea and was misled or harmed by
the admonishment. Tex. Code Crim. Proc. Ann. art. 26.13(c); Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). When a record shows
that the trial court delivered an incorrect admonishment regarding the range of
punishment, and the actual sentence lies within both the actual and misstated
maximum, substantial compliance is attained. Martinez, 981 S.W.2d at 197;
Robinson v. State, 739 S.W.2d 795, 801 (Tex. Crim. App.1987).
        Here, appellant received a sentence of five years’ confinement, which
was well within the actual range (two to ten) and the misstated range (two to
twenty). Thus, the admonishment substantially complied with the statutory
requirements of article 26.13. An admonition that substantially complies with
article 26.13 of the code of criminal procedure creates a prima facie showing
that a guilty plea was entered knowingly and voluntarily. Martinez, 981
S.W.2d at 197. The burden then shifts to the defendant to demonstrate that
he did not fully understand the consequences of his plea and that he suffered
harm. Id.
        Appellant has not brought forth any evidence to show that he did not
understand the consequences of his plea or that he was harmed or misled by
the court’s erroneous admonishment. Accordingly, appellant’s sole point is
overruled.
Conclusion
        Having overruled appellant’s sole point of error, we affirm the trial court’s
judgment.


                                                                  TERRIE LIVINGSTON
                                                                  JUSTICE
 
PANEL A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 20, 2004
 
NOTES
1. See Tex. R. App. P. 47.4.