BAGGETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-304-CR

JOSHUA ALLEN BAGGETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Joshua Allen Baggett appeals from the revocation of his probation 
for the offense of burglary of a habitation and his sentence of five years’ confinement.  In his sole point, appellant complains that
 the trial court erred by incorrectly admonishing him on the range of punishment before accepting his plea of “true” to the State’s allegations in its motion to revoke appellant’s probation.  We affirm.

Facts and Discussion

Appellant pled guilty to the offense of burglary of a habitation.  The trial court found him guilty, assessed a suspended sentence of ten years’ confinement, and placed him on community supervision for five years.  A few months later, the State filed a motion to revoke his community supervision.  

At the revocation hearing, appellant pled “true” to the three allegations contained in the petition to revoke.  However, the trial court erroneously admonished appellant in writing that he faced a possible sentence of two to twenty years’ confinement.  The actual sentence appellant faced was two to ten years’ confinement.  The trial court revoked his probation and sentenced him to five years’ imprisonment. 

On appeal, appellant complains that the trial court erred by incorrectly admonishing him on the range of punishment before accepting his plea of “true” to the first, second, and third paragraphs in the State’s motion to revoke probation.  
Appellant argues that the trial court violated his right to due process because the trial court’s erroneous admonishments caused appellant to make an unknowing and involuntary plea.

Appellant concedes that the admonishment requirements of article 26.13 of the code of criminal procedure do not apply to probation revocation proceedings.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(1) (Vernon Supp. 2004); 
Gutierrez v. State
, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); 
Harris v. State
, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974).  However, once the admonishments have been given, whether required or not, they must be given correctly.  
Cf. Rodriguez v. State
, 933 S.W.2d 702, 704 (Tex. App.—San Antonio 1996, pet. ref’d) 
(holding, in a guilty plea case not involving deferred adjudication, that although admonishment on availability of community supervision was not required, once it was given, it had to be accurate)
.  

Regarding article 26.13 admonishments, substantial compliance by the trial court is sufficient to meet the statutory standards unless the defendant was not aware of the consequences of his plea and was misled or harmed by the admonishment.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(c); 
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  When a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained.  
Martinez
, 981 S.W.2d at 197;
 Robinson v. State
, 739 S.W.2d 795, 801 (Tex. Crim. App.1987).

Here, appellant received a sentence of five years’ confinement, which was well within the actual range (two to ten) and the misstated range (two to twenty).  Thus, the admonishment substantially complied with the statutory requirements of article 26.13.  An admonition that substantially complies with article 26.13 of the code of criminal procedure creates a prima facie showing that a guilty plea was entered knowingly and voluntarily.  
Martinez
, 981 S.W.2d at 197.  The burden then shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea and that he suffered harm.  
Id.  

Appellant has not brought forth any evidence to show that he did not understand the consequences of his plea or that he was harmed or misled by the court’s erroneous admonishment.  Accordingly, appellant’s sole point is overruled.

Conclusion

Having overruled appellant’s sole point of error, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 20, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.