In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-477 CR


____________________



KAREEM KIER HANCHETTE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 96132






MEMORANDUM OPINION


 Appellant Kareem Kier Hanchette was indicted for possession of a controlled
substance (cocaine) in an amount less than one gram. Hanchette and the State entered a plea
bargain agreement, pursuant to which the State agreed to drop an enhancement paragraph and
to seek confinement in a state jail facility for a term of ten months. After receiving written
plea admonishments and signing a judicial confession, Hanchette pled guilty, and the trial
court found that "the facts justify a verdict of guilt." The following colloquy later occurred
between the trial court, Hanchette, and Hanchette's counsel:

 THE COURT: Okay. Mr. Hanchette, I'm going to reset your
case for sentencing. . . . 


 And . . . I'm going to follow the agreement that
you have with the District Attorney, if and only if
you agree to the following:


 That is, if you get arrested or charged with
anything, break the law or do not appear on that
date, I will be free to disregard the agreement that
you'[v]e made and will then be free to set
punishment in your case at what I think is proper
without regard to this agreement. 


 Is that acceptable to you?


 [HANCHETTE]: Yes, sir.


 THE COURT: Is that acceptable to you . . .?


 [DEFENSE COUNSEL]: It is, your Honor.


At Hanchette's sentencing hearing, which took place approximately three months later, the
Court began the hearing by stating, "The plea bargain was rejected." Both the trial court
coordinator and defense counsel noted that Hanchette had been arrested and charged with
another felony, and defense counsel stated, "It's our understanding because of the new arrest
that it was [sic] the full range of punishment." At the conclusion of the hearing, the trial
court sentenced Hanchette to twenty-four months of confinement in a state jail facility.

 Hanchette's counsel has filed an Anders brief. Counsel's brief meets the requirements
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting
a professional evaluation of the record demonstrating why there are no arguable grounds to
be advanced. See also High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel
provided Hanchette with a copy of the brief. Hanchette then filed a pro se brief, in which
he raises four issues.

 In his first issue, Hanchette argues that his sentence was illegal because it exceeded
the ten months set forth in his plea bargain. At the beginning of the sentencing hearing, the
trial court stated that the plea bargain "was rejected" and asked defense counsel, "What do
you recommend and why . . .?" Although the procedure followed by the trial court was
somewhat unusual, it appears the trial court rejected the plea bargain agreement and instead
treated the proceeding as an open guilty plea. See Tex. Code Crim. Proc. Ann. art.
26.13(a)(2) (Vernon Supp. 2006) (Trial court is free to reject a plea bargain.). Because no
plea bargain existed when the trial court sentenced Hanchette, issue one is not arguable.

 In his second issue, Hanchette asserts that trial counsel was ineffective because he
failed to object to the trial court's rejection of the plea bargain agreement, failed to "give
timely notice of appeal," and failed to advise Hanchette of his right to withdraw his plea. To
prevail on a claim of ineffective assistance of counsel, Hanchette must show that counsel's
representation fell below an objective standard of reasonableness, and there is a reasonable
probability that, but for his counsel's errors, the outcome would have been different. See
Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the context of a guilty
plea, Hanchette must show that but for counsel's deficient performance, he would not have
pled guilty and would have insisted upon going to trial. See Ex parte Moody, 991 S.W.2d
856, 857-58 (Tex. Crim. App. 1999). Hanchette must prove ineffective assistance of counsel
by a preponderance of the evidence. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). "Appellate review of defense counsel's representation is highly deferential and
presumes that counsel's actions fell within the wide range of reasonable and professional
assistance." Bone, 77 S.W.3d at 833. Furthermore, allegations of ineffectiveness "must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." Thompson, 9 S.W.3d at 813. The bare record on direct appeal is usually
insufficient to overcome the presumption that counsel's conduct was reasonable and
professional. Bone, 77 S.W.3d at 833.

 The trial court was free to accept or reject the plea bargain agreement. See Tex. Code
Crim. Proc. Ann. § 26.13(a)(2). Therefore, Hanchette's argument that trial counsel was
ineffective because he failed to object to the trial court's rejection of the plea bargain
agreement is not arguable. With respect to Hanchette's argument that trial counsel was
ineffective because he "failed to give timely notice of appeal," the appellate record shows
that Hanchette timely filed a pro se notice of appeal, and the trial court appointed appellate
counsel to represent him. Because Hanchette's appeal was perfected, he cannot demonstrate
harm. See Tex. R. App. P. 44.2(b). Therefore, this assertion of ineffectiveness is not
arguable. Finally, we address Hanchette's assertion that counsel was ineffective because he
failed to advise Hanchette of his right to withdraw his plea of guilty. Initially, we note that
the written plea admonishments signed by Hanchette contain the following statement:
"Should the Court reject your agreement, you are entitled to withdraw your plea." The record
is silent as to counsel's actions and trial strategy, and does not show that counsel provided
ineffective assistance. See Thompson, 9 S.W.3d at 813; Bone, 77 S.W.3d at 833. In addition,
the record does not show that Hanchette would have withdrawn his guilty plea had his
counsel advised him of his right to do so. See Strickland, 466 U.S. at 694; Ex parte Moody,
991 S.W.2d at 857-58. Therefore, this contention is not an arguable one.

 In issue three, Hanchette maintains his plea was involuntary because it was induced
by a plea bargain that was not kept. As part of this argument, Hanchette asserts that his
guilty plea was involuntary because he was not allowed the opportunity to withdraw it after
the trial court rejected the plea bargain agreement.

 A guilty plea must be made knowingly and voluntarily. Tex. Code Crim. Proc. Ann.
art. 26.13(b) (Vernon Supp. 2006). When, as here, the court has admonished the defendant
of the possible range of punishment of the crime with which he is accused, there is a prima
facie showing that the plea was made knowingly and voluntarily. Morales v. State, 872
S.W.2d 753, 754 (Tex. Crim. App. 1994), overruled on other grounds, Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997). The burden then shifts to the defendant to prove
that he did not understand the consequences of the plea. Rodriguez v. State, 933 S.W.2d 702,
705-06 (Tex. App.--San Antonio 1996, pet. ref'd). Here, the record establishes that
Hanchette was admonished in writing of the possible range of punishment for the crime with
which he was charged. At the plea hearing, Hanchette affirmatively stated to the Court that
he understood everything he had signed, that he was pleading guilty of his own free choice,
and that he actually committed the offense. In addition, when the trial judge told Hanchette
that he would only follow the plea agreement if Hanchette was not arrested or charged with
any additional offenses, both Hanchette and his counsel agreed to those terms. The record
does not support Hanchette's contention that he was not given the opportunity to withdraw
his guilty plea. Three months passed between the plea hearing and the sentencing hearing,
but Hanchette did not file a motion to withdraw his guilty plea. Furthermore, Hanchette did
not seek to withdraw his plea at the sentencing hearing. Therefore, this issue is not an
arguable one.

 In his fourth issue, Hanchette argues that "Rule 25.2(b)(3)" of the Texas Rules of
Appellate Procedure does not operate to bar his appeal. Rule 25.2(b)(3) no longer exists, but
the same provision is now contained within Rule 25.2(a)(2), which applies to his appeal. See
Tex. R. App. P. 25.2(a)(2). We interpret Hanchette's argument to mean that his appeal is not
barred because no plea bargain existed. See Tex. R. App. P. 25.2(a)(2). Here, the trial court's
certification states that there was no plea bargain, and Hanchette has the right to appeal. It
is uncontested that we have jurisdiction over Hanchette's appeal; therefore, there is no
necessity to appoint counsel to argue that issue. 

 We have determined that the appeal is wholly frivolous. We have independently
examined the clerk's record and the reporter's record, and we find no reversible error. 
Therefore, appointment of new counsel is not required. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Hanchette is free to file a petition for discretionary
review raising error by this Court in the instant appeal. See Bledsoe v. State, 178 S.W.3d
824, 827 (Tex. Crim. App. 2005). We affirm the trial court's judgment.

 AFFIRMED.


 

 STEVE McKEITHEN

 Chief Justice

 

Submitted on February 28, 2007

Opinion Delivered March 28, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.