NUMBER 13-06-00510-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JUAN DUENES, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court of Nueces County, Texas.

 
 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and BenavidesMemorandum Opinion by Chief Justice Valdez


 Appellant, Juan Duenes, appeals from his conviction for aggravated assault with a
deadly weapon. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006). By a single
issue, Duenes asserts that the trial court erred in assessing punishment because it failed
to admonish him, as required by article 26.13 of the Texas Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2006). We affirm.

I. BACKGROUND

 Duenes was indicted on a single count of aggravated assault with a deadly weapon
stemming from an incident that occurred at his ex-girlfriend's house in Corpus Christi,
Texas. The indictment alleged that on or about March 23, 2006 Duenes intentionally,
knowingly or recklessly caused his ex-girlfriend serious bodily injury by cutting her with a
knife. See Tex. Pen. Code Ann. § 22.021.

 On August 10, 2006, the trial court accepted an open plea of guilty from Duenes.
Before Duenes entered his plea, the trial court admonished him as follows: 

 Court: Are you Juan Duenes?


 Defendant: Yes, ma'am.


 Court: I show that you are charged in this case by indictment
with the offense of aggravated assault; is that correct?


 Defendant: Yes ma'am.


 Court: Have you had plenty of time to talk to your lawyer?


 * * * *


 Defendant: Yes, ma'am.


 Court: You are satisfied with the way your lawyer has
represented you?


 Defendant: Yes, ma'am.


 Court: Is this your signature on this paper?


 Defendant: Yes, ma'am.


 Court: Before you signed this paper did you read it and go over
it with your lawyer?


 Defendant: Yes, ma'am.


 Court: And did your lawyer explain to you what you were
signing?


 Defendant: Yes, ma'am.


 Court: And, Counsel, from your contact with Mr. Duenes do
you believe he is competent for trial?


 Counsel: Yes, I do, Your Honor.


 Court: Okay. Sir, to the charge in the indictment how do you
plead?


 Defendant: Guilty.


 The clerk's record contains a set of documents signed by Duenes and filed on
August 10, 2006, which admonished him of the consequences of his plea of guilty and
specifically as to the range of punishment for a second degree felony. (1) Furthermore, as
noted in the excerpted portion of the plea hearing, the trial court confirmed that Duenes's
counsel had signed a certificate stating that she read and explained the admonishments
and range of punishment to him.

 The trial court convicted Duenes of aggravated assault with a deadly weapon, a
knife, entered a judgment of conviction, and assessed punishment at five years in prison.
This appeal ensued.

II. DISCUSSION

 By his sole issue, Duenes contends that the trial court erred in assessing
punishment when it failed to substantially comply with article 26.13 of the Texas Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 26.1. More specifically, Duenes
contends that the trial court failed to admonish him about his eligibility for deferred-adjudication community supervision. We disagree.

A. Standard of Review

 To ensure a plea is voluntary, the trial court must admonish a defendant about the
consequences of the defendant's plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(b). 
When the trial court properly admonishes the defendant, voluntariness is presumed. 
Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.--San Antonio 1994, no pet.). The
burden then shifts to the defendant to show he pled guilty without understanding the
consequences of his plea and, as a result, suffered harm. Id.; see also Tex. Code Crim.
Proc. Ann. art. 26.13(c). When the trial court fails to substantially comply with the
statutory admonishments, we must reverse and remand if the defendant was not aware
of the consequences of his plea and was misled or harmed by the trial court's error. Tex.
R. App. P. 44.2(b); Carranza v. State, 980 S.W.2d 653, 658 (Tex. Crim. App. 1998).

B. Analysis

 Article 26.13 of the Texas Code of Criminal Procedure states "(a) Prior to accepting
a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of: (1)
the range of punishment attached to the offense." See Tex. Code Crim. Proc. Ann. art.
26.13 (a)(1). Article 26.13 further states:

 (c) In admonishing the defendant as herein provided, substantial
compliance by the court is sufficient, unless the defendant
affirmatively shows that he was not aware of the consequences of
his plea and that he was misled or harmed by the admonishment
of the court. 


(d) The court may make the admonitions required by this article either
orally or in writing. If the court makes the admonitions in writing, it
must receive a statement signed by the defendant and the
defendant's attorney that he understands the admonitions and is
aware of the consequences of his plea. 


Id. art. 26.13 (c), (d).

 

 While admonishment on the range of punishment is required, the trial court is under
no duty to admonish the defendant regarding his or her eligibility for community
supervision. Rodriguez v. State, 933 S.W.2d 702, 704 (Tex. App.-San Antonio 1996, pet.
ref'd) (citing Ex parte Williams, 704 S.W.2d 773,775 (Tex. Crim. App. 1986)). 

 At the plea hearing, the trial court asked Duenes if he had plenty of time to talk to
his lawyer and if he was satisfied with the way she was representing him. He answered
both questions in the affirmative. The court asked for verbal confirmation, which he gave,
of his signature on the written admonishment form. In addition, the court asked if he read
and went over the form with his lawyer prior to signing it and if counsel explained what he
was signing. He answered affirmatively. The court asked for and received confirmation
from his counsel that he was competent for trial. Afterward, the court asked, in regards to
the indictment, how he was pleading. He responded, "Guilty." The court inquired if he was
pleading guilty of his own free will. He said he was.

 In addition to the oral admonishment during the plea hearing, Duenes was
admonished in writing. Included in the written admonishment is a section containing
several statements that require acknowledgment in the form of Duenes's initials. More
specifically, there are two statements confirming Duenes's understanding of the written
admonishments. For instance, Duenes initialed next to the statement "I understand the
admonishments given to me in writing by the Court, I know the range of punishment
applicable in this cause, and I am aware of the consequences of my entering a plea of
guilty/nolo contendere." Moreover, counsel for Duenes signed a certificate certifying that
she read and explained all of the court's written admonishments as well as the applicable
range of punishment to Duenes. Both of these documents were entered into the clerk's
record on August 10, 2006.

 As demonstrated by the reporter's record and the clerk's record, the trial court
substantially admonished Duenes orally and in writing of the range of punishment. As a
result, the burden shifted to Duenes to show that his plea was involuntary. Tex. Code
Crim. Proc. Ann. art. 26.13(c). To meet this burden, Duenes asserts that he was not
admonished as to what would happen to him if the trial court found him guilty. This
argument fails because the written admonishment accurately states the punishment range
for a second degree felony. Tex. Penal Code Ann. § 12.33 (Vernon 2003). 

 Duenes also argues that he was hoping to receive deferred-adjudication and that
there were no admonishments or explanations to him as to what a deferred sentence
included. The facts, however, contradict Duenes's assertion that he was not admonished
as to deferred adjudication. Contained in the trial court's written admonishments is a
section titled, "Deferred Adjudication." As we have already noted, Article 26.13 allows a
trial court to admonish a defendant either orally or in writing. Tex. Code Crim. Proc. Ann.
art. 26.13 (d).

 We hold that Duenes has failed to meet his burden to show that: (1) he entered his
plea without understanding the consequences of his action, and (2) he suffered harm. 
Duenes's sole issue is overruled. 

III. CONCLUSION

 The judgment of the trial court is affirmed.


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 16th day of August, 2007.

1. The written admonishments, defense counsel's certificate of consultation and consent to waiver,
state's consent, and application for community supervision are the only documents in the clerk's record filed
on August 10, 2006, the date of the plea hearing.