**AFFIRM; and Opinion Filed February 28, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00617-CR

### STEVEN EDWARD VILLNAVE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F13-22214-U

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Appellant Steven Edward Villnave waived a jury and pleaded not guilty before the court to the charge of felony driving while intoxicated. The court found appellant guilty and assessed punishment, enhanced by two prior felony convictions, at 50 years in prison. On appeal, appellant argues that his waiver of the right to a jury trial was involuntary because the trial court erroneously admonished him about his eligibility for community supervision. We issue this memorandum opinion because the issue is settled. TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

### Background

The State indicted appellant for felony DWI and alleged two prior felony DWIs for enhancement of punishment. Prior to trial, the State offered appellant a plea bargain of 10 years in prison; he rejected it. At a pretrial hearing, the trial court advised appellant about the charge

against him and the two prior felony convictions alleged for enhancement of punishment, and stated, "The minimum, if you're convicted in this case, the minimum is 25 years. I believe Friday [the State] had a plea bargain offer of ten years. It's no longer on the table. And after more facts have been relayed to the Court as well, I would not accept a plea bargain at this point. My understanding though is you are now wishing to waive a jury; is that correct?" Appellant said yes. He said he understood he had a right to a jury trial and wanted to waive that right and have the trial court decide whether he was guilty. The trial court said, "Okay. So understanding if I find you guilty, the option I have is either straight probation, because a jury cannot give you probation. Straight probation or 25 to life. You understand that, correct?" Appellant said he did. The trial court said, "So let's do this then, let's go ahead and do a written jury waiver." The court again asked appellant whether he was "sure that's what [he] want[ed] to do"; he said yes. Appellant signed a waiver of jury form stating, "Comes now defendant in the above cause, standing accused of a felony offense herein, and in open Court waives his right to trial by jury herein, and requests that the Court consent to and accept his waiver of right of trial by jury." The waiver is also signed by appellant's lawyer, the prosecutor, and the trial court.

The day after the pretrial hearing, the trial court granted the State's motion to strike from the indictment the two prior convictions for felony DWI alleged for enhancement of punishment. The State then filed notice of its intent to enhance the punishment range with a prior conviction for felony theft and a prior conviction for felony DWI. A couple of weeks later, the trial court conducted the trial after which it found appellant guilty. During the punishment phase of the trial, the State presented evidence that appellant had ten prior convictions, including four for felony DWI. The court found the two prior convictions alleged for enhancement true and sentenced appellant to 50 years in prison.

**Discussion**

Appellant argues that his waiver of the right to a jury trial was rendered involuntary because the trial court admonished him that he was eligible for "straight probation" from the court when he was not. To prevail on this issue, appellant must show that the admonition was inaccurate and that it misled or harmed him. *Ex parte Williams*, 704 S.W.2d 773, 776–77 (Tex. Crim. App. 1986); *Harrison v. State*, 688 S.W.2d 497, 499 (Tex. Crim. App. 1985); *Prado v. State*, Nos. 05-05-00175-CR & 05-05-00525-CR, 2006 WL 1792736, at *1–2 (Tex. App.— Dallas 2006, no pet.) (mem. op., not designated for publication).

A trial court may order community supervision when the sentence imposed is 10 years or less. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(e)(1) (West Supp. 2013). But appellant argues that the minimum punishment in his case was 25 years because of the two prior felony convictions alleged for enhancement and, consequently, he was not eligible for community supervision at all. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2013)[1] (establishing punishment for repeat and habitual felony offenders). However, it is undisputed that the indicted offense (felony DWI) was punishable as a third degree felony. *Id*. § 49.09. It is also undisputed that a trial court may order community supervision for a felony DWI. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3, 3g, 13. The 25-year minimum punishment did not apply to appellant until the State proved beyond a reasonable doubt that the prior convictions existed and appellant was linked to those convictions. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Until then, the court had the option of ordering community supervision for the indicted offense of felony DWI after it found appellant guilty. *See Rodriguez v. State*, 933 S.W.2d 702, 705 (Tex. App.—San Antonio, pet. ref'd) (whether court would make affirmative

---

[1] The penal code was amended after the offense in this case occurred. However, the substantive law that applies here did not change, and we cite the current version of the statute.

finding of use of deadly weapon eliminating defendant's eligibility for community supervision was open question at time of plea hearing and, as a result, admonition regarding defendant's eligibility for community supervision at time of plea was accurate). And there is no indication in the record that the trial court was going to find the enhancement paragraphs true when appellant waived his right to a jury trial or when the court found appellant guilty of the indicted offense. *See id.* We conclude that the trial court's admonition to appellant about his eligibility for "straight probation" was accurate at the time it was given. *See id.*

But even assuming arguendo that the admonition was inaccurate, appellant has not shown how he was misled or harmed. *Ex parte Williams*, 704 S.W.2d at 775 (error subject to harmless error review); *Harrison*, 688 S.W.2d at 499. The record does not show that appellant advised the trial court at any time that he was seeking community supervision. And a jury could not have recommended community supervision because appellant had a prior felony conviction. *See* TEX. CODE CRIM. PROC. ANN. § 4(e) (to be eligible for community supervision from jury, defendant must file sworn statement that he has never been convicted of a felony). Additionally, in the middle of the trial the court stopped the trial and asked appellant whether he was sure he did not "want to take 10 years right now"; he declined. Even if we assume error in the admonition, we conclude that appellant has not shown he was harmed. We resolve appellant's issue against him.

## Conclusion

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

130617F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN EDWARD VILLNAVE,
Appellant

No. 05-13-00617-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-22214-U.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of February, 2014.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE