**Johnny Bryant DARRINGTON,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 61076.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Nov. 10, 1981.

Frank P. Smarzik, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty. & Calvin A. Hartmann, & Chuck Rosenthal, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. After finding appellant guilty, the jury assessed punishment, enhanced by a prior conviction, at 40 years.

In his first ground of error, appellant challenges the sufficiency of the evidence to support his conviction. He maintains the State failed to prove that he was a party to the instant offense.

James Campise testified that on May 7, 1977, he was employed as the assistant manager of a Safeway grocery store in Houston. About 3:00 a. m., appellant and two other individuals entered the store. The three men surrounded Campise and he was directed to open the safe. One of the individuals placed a handgun in Campise's side. Campise was then escorted by the men to the courtesy booth. He opened the safe and one of the men took a money bag. Campise related that as assistant manager, he had care, custody and control of the money. When the weapon was placed in his side, he was in fear of being killed.

Campise related that during the offense, all three of the individuals had spoken to him. He was unable to recall which of the individuals had the gun. However, he stated that appellant did not go into the courtesy booth.

Frank Bernal was working in the produce section of the store at the time the robbery took place. Bernal related that he observed appellant enter the store with two other individuals. He further testified that he saw one of the individuals push Campise into the courtesy booth.

Nicholas Rocha testified that he had previously worked at the Safeway store in which Campise was robbed. Rocha had gone by the store in order to pick up a paycheck. While sitting in the parking lot and looking through the windows of the store, Rocha saw the robbery take place. He related that appellant was the individual who was armed with a handgun during the offense.

Kenneth Bell testified that he was with appellant in the early morning hours of May 7, 1977. Bell was driving a car which was occupied by appellant, Tommy Player and Charlie Barnes. Bell stated that he waited in the parking lot of the Safeway store while appellant, Player and Barnes went inside the store. When the three men returned to the car, they had a money bag and cigarettes.

When this Court reviews the sufficiency of the evidence, it will consider the evidence in the light most favorable to the jury's verdict. The evidence in the instant case reveals that appellant and two other individuals entered the Safeway store and committed a robbery. During the offense, appellant was armed with a handgun which was pointed at the complainant. We find the evidence sufficient to support appellant's conviction and overrule his first ground of error.

In his second ground of error, appellant maintains the court erred in permitting Bell to testify. He contends the testimony of an accomplice witness is inadmissible.

In *Winkle v. State*, 506 S.W.2d 891 (Tex. Cr.App.), it was held that a codefendant is a competent witness for either the State or the accused. No error is shown in the court permitting Bell to testify during appellant's trial. Appellant's second ground of error is without merit.

■ In his third ground of error, appellant maintains the court erred in failing to submit a requested charge to the jury. The charge which appellant requested was on the law of circumstantial evidence.

In *Wright v. State*, 582 S.W.2d 845 (Tex. Cr.App.), it was held that when the State's case is fully proven through eyewitness testimony, no charge on circumstantial evidence is required. In the instant cause, the State's case was fully proven through the eyewitness testimony of Campise and Rocha. In view of such testimony, there was no error in the court refusing to submit appellant's requested charge on the law of circumstantial evidence. Appellant's third ground of error is without merit.

■ In his fourth ground of error, appellant maintains the court erred in overruling his motion for new trial. He contends that the court should have provided him an opportunity to present evidence in support of the motion.

The record reflects that the instant cause was tried before the Honorable Joe Kegans, Judge of the 230th Judicial District Court of Harris County. Appellant's motion for new trial was presented to a visiting judge, the Honorable William Brown. In overruling the motion, Judge Brown stated that he had spoken with Judge Kegans concerning the motion for new trial. She had informed Judge Brown that she was going to overrule appellant's motion for new trial. The motion was then overruled without appellant having an opportunity in which to present evidence.

All of the allegations presented in the motion for new trial, except for an allegation of jury misconduct, could be determined based upon the record of appellant's trial. The allegation of jury misconduct is not supported by an affidavit attached to the motion for new trial.

In *Bumpus v. State*, 509 S.W.2d 359 (Tex. Cr.App.), the defendant urged that the court erred in overruling his motion for new trial without allowing him an opportunity to present evidence. The contention was rejected after this Court noted that all questions presented in the motion were determinable from the record of the defendant's trial and the defendant was not deprived an opportunity to offer proof in support of his motion for new trial. As stated above, all of the allegations raised in the motion for new trial, except for jury misconduct, could be determined from the record of appellant's trial. Further, appellant's allegation of jury misconduct was not properly before the court in that such an allegation was not supported by the affidavit of a juror or another person in a position to know the facts surrounding such alleged misconduct. See *Story v. State*, 502 S.W.2d 764 (Tex.Cr.App.); *Howard v. State*, 484 S.W.2d 903 (Tex.Cr.App.).

In the instant cause, there were no issues presented in appellant's motion for new trial which required proof to be developed outside the record. Under such circumstances, there was no error in the court overruling the motion without providing appellant an opportunity to present evidence. Appellant's fourth ground of error is overruled.

The judgment is affirmed.