NO. 12-01-00333-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


LEONA SUGGS MCKEE,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS






 

 Leona Suggs McKee pleaded guilty to possession of cocaine. The trial court placed her on
deferred adjudication probation for ten years. Almost one year later, the trial court adjudicated her
guilty and sentenced her to twenty years of imprisonment. In four issues, Appellant contends she
did not receive effective assistance of counsel and the trial court erred in considering certain facts
in assessing her sentence and in failing to hold hearings on her motion for new trial and her motion
to recuse. We affirm.

 In her first issue, Appellant asserts she received ineffective assistance of counsel. She
complains that counsel made no effort to file any pre-trial motions for discovery or to present the
motions she filed on her own behalf. 

 The Texas Code of Criminal Procedure specifically states that no appeal may be taken from
a trial court's determination to proceed with an adjudication of guilt. Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2002). Likewise, the question of the effectiveness of counsel at the
hearing to determine whether the court should proceed with an adjudication of guilt cannot be raised
on direct appeal. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Elizondo v. State, 861
S.W.2d 294, 295 (Tex. App.- San Antonio 1993, no pet.). Accordingly, we dismiss Appellant's first
issue.

 In her second issue, Appellant contends the trial court erred in failing to have an evidentiary
hearing on her motion for new trial. She asserts that she had a right to a hearing because the motion
raised matters that could not be determined from the record. 

 A defendant does not have an absolute right to a hearing on a motion for new trial. Reyes
v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). Questions presented in a motion for new
trial that can be determined from the trial record do not require proof to be developed outside the
record in a post-trial hearing. Darrington v. State, 623 S.W.2d 414, 416 (Tex. Crim. App. 1981).
However, while a hearing may be necessary to develop issues raised in the motion for new trial,
having an unrestricted requirement of a hearing on matters not determinable from the record could
lead to "fishing expeditions." Reyes, 849 S.W.2d at 816. Thus, with regard to all matters that cannot
be determined from the record of the trial, the defendant must include a supporting affidavit with the
motion for new trial before a hearing will be required. Id. 

 In her motion for new trial, Appellant asserted that counsel was ineffective and the verdict
is contrary to the law and the evidence. She presented no affidavits in support of her motion. Her
complaint regarding the sufficiency of the evidence can be resolved by consulting the trial record. 
Therefore, no hearing was necessary on that issue. Darrington, 623 S.W.2d at 416. In the absence
of a supporting affidavit showing reasonable grounds for the need to develop a record on the issue
of ineffectiveness of counsel, no hearing was required on that issue. Reyes, 849 S.W.2d at 816. We
overrule Appellant's second issue.

 In her third issue, Appellant asserts the trial court erred in considering unsubstantiated
evidence and facts not in evidence in assessment of her sentence. Appellant argues that, in doing
so, the trial court denied her rights to due process and a fair and impartial trial at sentencing.

 To preserve a complaint for appellate review, a party must present a timely objection to the
trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). 
Thus, an appellant may not assert error pertaining to his punishment where he failed to object or
otherwise raise error in the trial court. Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App.
1986). This rule applies to alleged due process violations. Rogers v. State, 640 S.W.2d 248, 265
(Tex. Crim. App. 1982) (on second mtn for reh'g). 

 Here, Appellant never complained of the court's comments, nor objected to the court's
consideration of improper evidence or to the sentence itself. Therefore, Appellant waived this
complaint. Id. We overrule Appellant's third issue.

 In her fourth issue, Appellant contends the trial court erred in failing to hold a hearing on her
pretrial motion to recuse which she filed on her own behalf. In her pro se motion, she alleged that
the trial judge was biased and she could not receive a fair trial. On appeal, she argues that her
twenty-year sentence indicates the trial judge denied her due process rights of a fair and impartial
hearing.

 A defendant is not entitled to hybrid representation, that is, to proceed pro se and be
represented by an attorney at the same time. Scarbrough v. State, 777 S.W.2d 83, 92 (Tex. Crim.
App. 1989). Once an accused is represented by counsel, the trial court is entitled to look solely to
the accused's counsel and is not required to consider pro se motions. Busselman v. State, 713
S.W.2d 711, 714 (Tex. App.- Houston [1st Dist.] 1986, no pet.). Thus, a represented defendant
cannot require the court to consider his pro se motions. Id. 

 Here, Appellant was represented by counsel at the time she filed her pro se motion to recuse. 
Therefore, the trial court was not required to hold a hearing on her motion or even consider it. Id. 
The trial court did not err in failing to hold a hearing on Appellant's motion to recuse. We overrule
issue four. 

 We affirm the trial court's judgment.

 LOUIS B. GOHMERT, JR. 

 Chief Justice



Opinion delivered August 14, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.










(DO NOT PUBLISH)