Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ANTHONY CHATMON,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-01-00418-CR


Appeal from the


203rd District Court


of Dallas County, Texas


(TC# F-0173963-TP)

MEMORANDUM OPINION


 Anthony Chatmon appeals from his conviction for aggravated assault with a
deadly weapon. He contends the trial court abused its discretion in failing to hold a
hearing on Chatmon's pro se motion for new trial because that motion contained
allegations of ineffective assistance of counsel. We affirm the trial court's decision and 
Chatmon's conviction.

 Facts


 On June 28, 2001, appellant Anthony Chatmon appeared before the 203rd District
Court of Dallas County, Texas to enter a plea of guilty to a charge of second-degree
felony aggravated assault. Part of the indictment included an enhancement paragraph 
based upon a prior felony conviction.

 The trial court specifically asked Chatmon if he understood the allegations
contained in the enhancement paragraph, and he asserted he did. The trial court advised
Chatmon that he had an absolute right to a trial by jury, which he declined. Chatmon
agreed he was giving up his right to a jury trial freely and voluntarily, and that his
attorney had advised him of the terms of the trial court's admonitions to a criminal
defendant contained in a document which he freely and voluntarily signed.

 The trial court then explained to Chatmon that the range of punishment for
aggravated assault was two to twenty years, and a fine of up to $10,000. Chatmon told
the court he understood the range of punishment. The trial court explained that it was the
State's burden to prove the allegations in the indictment beyond a reasonable doubt. 
Chatmon agreed that he understood that burden.

 The trial court advised Chatmon that he did not have a plea bargain and that his
guilty plea would subject him to the trial court's discretion in deciding his punishment
within the range permitted by law. The trial court again explained that if Chatmon
pleaded guilty to the indictment, the enhancement paragraph would subject him to a range
of punishment of five to ninety-nine years. Chatmon again agreed that he understood the
effect of the enhancement paragraph.

 Because Chatmon was charged with exhibiting a deadly weapon during the assault,
the trial court also explained that he would be required to serve at least one-half of his
sentence before he could become eligible for parole. Chatmon again agreed that he
understood this aspect of the operation of his plea.

 The following exchange then took place between Chatmon and the trial judge:


 THE COURT: Now, Mr. Chatmon, has anyone promised you probation or
a particular sentence in this case?

 

 THE DEFENDANT: Yeah, I plead probation.


 THE COURT: I understand you maybe [sic] asking for probation, but has
anyone promised you that you would get probation?


 THE DEFENDANT: No.


 THE COURT: Has anyone promised you that you would get a particular
sentence in this case?


 THE DEFENDANT: No, ma'am.


 THE COURT: Now, Mr. Chatmon, you understand that that is up to me
after--what I am going to do is have a pre-sentence report prepared, both
sides will have an opportunity to present whatever evidence they want to, to
me and then, you understand, that will be my decision as to punishment.


 THE DEFENDANT: Yes, ma'am.


 THE COURT: Is this how you want to handle your case, Mr. Chatmon,
waiving your right to a jury trial, entering a plea of guilty to the indictment,
a plea of true to the second paragraph of the indictment and asking the
Court to decide your punishment?


 THE DEFENDANT: Yes, ma'am.


 The trial court then accepted Chatmon's plea, including his confirmation that he
had signed and understood the Judicial Confession which was entered in evidence at the
plea hearing, and that all information contained in that confession was true and correct. 

The trial court asked whether the terms of his written plea of true to the enhancement
paragraph had been explained to him by his attorney. Chatmon stated they had. The trial
court then recessed for the preparation of a pre-sentence report.

 On July 20, 2001, the trial court reconvened for the punishment phase of
Chatmon's plea. After being sworn, Chatmon's counsel recounted how the District
Attorney had originally offered Chatmon a plea bargain of ten years, and Chatmon agreed
that he instead chose to take an open plea. Chatmon testified to the fact that he had a
place to live, and a job to go to if he was placed on probation. Chatmon also told the trial
court that he wanted to be placed on probation.

 On closing, Chatmon's counsel reasserted to the trial court that Chatmon had
decided to take an open plea even though the District Attorney had offered the minimum
sentence for incarceration. He also emphasized that Chatmon had a place to live and a
job, and on this basis requested a sentence of ten years' probation.

 On closing, the State made the following statement:

 Your Honor, we just ask that you talk [sic] a close look at the facts in this
case and use your judgment of whether or not the Defendant is a person
who should be out on probation or not given the egregious nature of the
crime and his history of drug problems.


 With all that, we leave it to the Judge's discretion.


 The trial court sentenced Chatmon to eight years' imprisonment and assessed a
fine of $1,500 with credit for time served. Chatmon then filed a pro se motion for new
trial alleging that he had been denied effective assistance of counsel such that his guilty
plea was not entered knowingly and intelligently. The trial court did not hold a hearing
on the motion for new trial and Chatmon timely appealed.

Discussion

 In his sole point of error, Chatmon asserts the trial court abused its discretion by
failing to hold a hearing on Chatmon's pro se motion for new trial concerning the
knowing and intelligent nature of his plea. He correctly concedes that the right to receive
a hearing on a motion for new trial is not absolute, and admits that his entitlement to a
hearing on a motion for new trial would be determined by whether his motion raised
matters not determinable from the record, and whether the affidavit supporting the motion
specified the grounds for the attack and the truth of those allegations. Reyes v. State, 849
S.W.2d 812, 815-16 (Tex. Crim. App. 1993).

 When, as in this case, the record reflects that the trial court properly admonished
the defendant, a prima facie showing that the defendant's guilty plea was knowing and
voluntary is established. Rodriguez v. State, 933 S.W.2d 702, 705 (Tex. App.--San
Antonio 1996, pet. ref'd) (citing Ex parte McAtee, 599 S.W.2d 335, 336 (Tex. Crim. App.
1980), overruled on other grounds, Ex parte Tovar, 901 S.W.2d 484 (Tex. Crim. App.
1995). The burden then shifts to the defendant to prove that he did not understand the
consequences of his plea and was harmed. McCowan v. State, 961 S.W.2d 24, 26 (Tex.
App.--Dallas 1996, no pet.); Rodriguez, 933 S.W.2d at 706; Tex. Code Crim. Proc.
Ann. art. 26.13(c) (Vernon 1989). That burden is a heavy one, especially in
circumstances such as these where Chatmon stated orally and in writing that he
understood the nature of the proceeding, that the allegations against him were true, that
his plea was not coerced, and that no promises were made to him in exchange for his plea. 
See Rodriguez, 933 S.W.2d at 706. Stated another way, a plea does not become
involuntary simply because a defendant receives greater punishment than he expected. 
Id.; Tovar-Torres v. State, 860 S.W.2d 176, 178 (Tex. App.--Dallas 1993, no pet.).

 To satisfy the first prong of the Reyes inquiry, Chatmon alleges two matters, not
otherwise determinable from the record, were raised by his motion. First, that trial
counsel incorrectly advised him of the effect of an open plea on punishment where a
deadly weapon allegation is concerned. Second, that Chatmon's trial counsel led him to
believe he would receive some type of probation from the trial court if he entered an open
plea on punishment, even though counsel knew that Chatmon was not eligible for
probation.

 With regard to the first contention, the trial court properly advised Chatmon that if
she found that a deadly weapon was exhibited in the commission of the assault as
charged, he would be required to serve at least half of his sentence before he would be
eligible for parole. The trial court also advised Chatmon of the effect of the indictment's
enhancement paragraph on several occasions and Chatmon acknowledged that he
understood its effect both in writing and orally.

 Chatmon was thus properly advised by the trial court that probation was only one
possible sentencing outcome prior to acceptance of his plea and the trial court's
determination that a deadly weapon had been used in the commission of the crime. Even
under the assumption that Chatmon's counsel never discussed the enhancement issue with
him, the record reflects that he understood there was no promise of probation because of
the deadly weapon allegation. The trial court did not therefore abuse its discretion by
denying him a hearing on his motion for new trial on that ground. Bryant v. State, 974
S.W.2d 395, 400 (Tex. App.--San Antonio 1998, pet. ref'd). (1)

 Having reviewed the record, we find that the effect of the open plea was more than
adequately explained to Chatmon by the trial court judge. The only evidence which
Chatmon provides that he believed he would receive probation, is his statement at the
guilt or innocence phase of the hearing that he "plead probation." That evidence does not
sustain his burden to rebut the prima facie showing established by the trial court's
admonishments because his testimony subsequent to that statement reveals he understood
that probation was only a possibility, not a guaranteed outcome of the open plea.

 Thus, even with the assumption that the affidavit supporting Chatmon's motion for
new trial specified reasonable grounds for attack, we find that the outcome of those
matters is determinable from the record. See Darrington v. State, 623 S.W.2d 414, 416
(Tex. Crim. App. 1981). The fact that Chatmon received a higher punishment than that
allegedly predicted by his counsel, does not render his plea unknowing or unintelligent.
West v. State, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986).

Conclusion

 The trial court therefore did not err in refusing to grant a hearing on the motion for
new trial, and Chatmon's conviction is therefore affirmed.


 

 SUSAN LARSEN, Justice

February 6, 2003


Before Panel No. 3 

Barajas, C.J., Larsen, and Chew, JJ.


(Do Not Publish)

1. Because Chatmon challenges only the trial court's refusal to grant his motion for new
trial, we need not determine whether his trial counsel's representation was ineffective, although
the record appears to support the conclusion that the opposite was true. In any event, the
allegations in Chatmon's motion for new trial are conclusory. Bryant, 974 S.W.2d at 399. 
Without a showing that there was no reason to avoid trial, his claim of ineffective assistance of
counsel would thus fail. Id.