IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0777-08





GERALD WAYNE SMITH, Appellant



v.



THE STATE OF TEXAS
 




ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


MCLENNAN COUNTY





 Price, J., delivered the opinion of the Court in which Womack, Johnson,
Keasler, Holcomb and Cochran, JJ., joined. Meyers, J., filed a dissenting opinion. 
Keller, P.J., and Hervey, J., concurred.


O P I N I O N



 We granted the State's petition for discretionary review to determine whether, in order
to obtain a hearing on a motion for new trial when the basis of the motion is ineffective
assistance of counsel, a defendant must establish a reasonable probability that the outcome
would have been different in order to demonstrate reasonable grounds for granting relief. 
We now hold that for the movant to demonstrate reasonable grounds for relief when alleging
ineffective assistance of counsel, he must establish both Strickland prongs, (1) which includes
showing a reasonable probability that but for counsel's deficiency (if any) a different result
would have occurred. In light of the appellant's failure to establish a reasonable probability
that he could demonstrate prejudice, we reverse the court of appeals, affirm the trial court's
denial of the appellant's motion for new trial without a hearing, and remand for review of the
second issue the appellant raised which the court of appeals initially declined to address.

FACTS AND PROCEDURAL POSTURE

In the Trial Court

 The appellant was indicted for sexual assault, a second-degree-felony offense, alleged
to have been committed on November 13, 1997. On December 29, 1998, the appellant pled
guilty pursuant to a plea agreement, and the trial court placed him on ten years' deferred-adjudication community supervision. 

 Eight years later, on November 1, 2006, the State filed a motion to adjudicate, alleging
four violations of the appellant's community supervision. The allegations included: (1)
failure to report as ordered between October 8, 2001, and January 6, 2002; (2) failure to
participate in court-ordered sex-offender counseling in 2002; (3) commission of the
subsequent offense of deadly conduct family violence on October 17, 2006; and (4)
commission of the subsequent offense of terroristic threat on October 17, 2006. To these
allegations, the appellant pled "not true," and a hearing was held on February 1, 2007. At
the hearing, the appellant's probation supervisor testified that the appellant failed to report
and participate in the sex-offender program and that, despite his claims that he was unable
to report due to being hospitalized after surgery, the appellant had not provided her with any
excuse for not reporting or participating in group therapy. Additionally, the probation
supervisor testified that she suspected the appellant of abusing prescription medication. The
victim of the deadly conduct and terroristic threat, Jonathan Holt, and the deputy sheriff who
responded to the call, both testified that the appellant pointed a gun at Holt, and when Holt
was attempting to leave, the appellant shot all four of his car's tires. The appellant's
daughter testified that while the appellant did point a gun at Holt, no one was in the vehicle
when her father shot out the tires. Following the hearing, the trial court found allegations
one, three, and four to be true, adjudicated the appellant guilty for the original sexual-assault
offense, and sentenced him to twenty years in prison. 

 Subsequently, the appellant filed a motion for new trial, accompanied by a request for
a hearing. The appellant's motion alleged that trial counsel rendered ineffective assistance
by failing to inform the appellant of his right to testify at the hearing on the State's motion
to adjudicate and failing to submit medical records into evidence. The appellant's supporting
affidavit stated:

 My attorney told me I was going to go back on probation when I went to court. 
He told me to just say not true and not to say anything else. I was never given
a chance to say anything on my behalf.


Thus, the appellant asserted that trial counsel failed to advise him of his right to testify. Had
he been so advised, the appellant maintained, he would have testified, rebutting statements
made by the victim, the deputy sheriff, and his probation supervisor. The appellant argued
that all three witnesses were untruthful and misleading in their testimony and claimed that
his testimony would have refuted their statements concerning the shooting on October 17th,
his spinal surgery, and his abuse of prescription drugs. Additionally, the appellant claims
that the omitted medical records, which counsel had in his file, would have corroborated
testimony that he had undergone spinal surgery and was taking prescription medication for
severe pain. The appellant's motion requested a new hearing on the State's motion to
adjudicate because the information about which the appellant would have testified "may well
have resulted in a different outcome." (2) The appellant's motion for a new trial was denied
without a hearing. 

On Appeal

 On appeal, the appellant argued that the trial court (1) erred by failing to conduct a
hearing on his motion for new trial; and (2) violated his right to due process by adjudicating
guilt, in part, on a stale allegation. On April 2, 2008, in an unpublished opinion, the Tenth
Court of Appeals held that the trial court abused its discretion by not holding a hearing on
the appellant's claim of ineffective assistance of counsel. (3) Without addressing the second
issue, the court of appeals remanded the cause to the trial court to hold a hearing on the
appellant's motion. (4)

 In reaching this result, the court of appeals stated that "[a]lthough a defendant does
not have an 'absolute right' to a hearing on a motion for new trial, a trial court must hold a
hearing when a defendant raises a matter 'not determinable from the record,'" as long as "the
defendant . . . provide[s] a supporting affidavit showing reasonable grounds for holding that
relief should be granted." (5) The court of appeals reasoned that the appellant's motion was
sufficient to warrant a hearing because he claimed ineffective assistance of counsel for
failing to advise him of his right to testify and failing to introduce his medical records into
evidence, and because his supporting affidavit alleged that the excluded testimony and
evidence would have rebutted the State's witnesses concerning the events of October 17th,
his medical history, and his prescription drug abuse. (6) Rejecting the State's contention that
the appellant's affidavit was conclusory and insufficient, the court of appeals explained that
the appellant is not required to establish a prima facie case, and held that "[t]he trial court
should have held a hearing on [the appellant]'s motion so that he could have fully developed
the factual basis for his ineffective assistance claim." (7)

 We granted the State's petition for discretionary review to examine its contention that
the appellant was not entitled to a hearing on his motion for new trial because he did not
establish in his pleading that there was a reasonable probability that the outcome would have
been different so as to demonstrate reasonable grounds for granting relief. We hold that the
movant does not have to plead a prima facie case, but he must at least allege facts that show
reasonable grounds to believe that he could prevail under both prongs of the test for
ineffective assistance of counsel under Strickland. (8) In the instant (9) case, because the
appellant's motion and affidavit failed to raise facts to establish that he could prevail under
the Strickland prejudice prong, the court of appeals erred in holding that the trial court
abused its discretion in failing to hold a hearing on the appellant's motion for new trial. 
Accordingly, we will reverse the court of appeals's judgment with respect to the appellant's
first issue and remand the cause to the court of appeals to address the appellant's second
issue. (10)

THE LAW

Motion for New Trial Hearing

 The purpose of a hearing on a motion for new trial is to: (1) "decid[e] whether the
cause shall be retried" and (2) "prepare a record for presenting issues on appeal in the event
the motion is denied." (11) While we have held that the opportunity to prepare a record for
appellate review makes a hearing on a motion for new trial a critical stage, we have also held
that such a hearing is not an absolute right. (12) "[A] hearing is not required when the matters
raised in the motion for new trial are subject to being determined from the record." (13) 
Conversely, a "trial judge abuses his discretion in failing to hold a hearing on a motion for
new trial [when] that [motion] raises matters which are not determinable from the record.
[citations omitted]. To hold otherwise would deny the accused meaningful appellate
review." (14)

 "[R]ecogniz[ing] that an unrestricted requirement of a hearing on matters not
determinable from the record could lead to 'fishing expeditions,'" we have also held that
even a defendant who has raised such matters is not entitled to a hearing on his motion for
new trial unless he "establishes the existence of 'reasonable grounds' showing that the
defendant 'could be entitled to relief.'" (15) Thus we require, as a prerequisite to a hearing
when the grounds in the motion are based on matters not already in the record, that the
motion be supported by an affidavit, either of the defendant or someone else, specifically
setting out the factual basis for the claim. (16) The affidavit need not establish a prima facie
case, or even "'reflect every component legally required to establish' relief." (17) "[I]t is
sufficient if a fair reading of it gives rise to reasonable grounds in support of the claim." (18) 
But affidavits that are conclusory in nature and unsupported by facts do not provide the
requisite notice of the basis for the relief claimed; thus, no hearing is required. (19)

 When examining a trial court's denial of a hearing on a motion for new trial, we
review for an abuse of discretion. (20) In so doing, "we reverse 'only when the trial judge's
decision was so clearly wrong as to lie outside that zone within which reasonable persons
might disagree.'" (21) And "in the absence of [such] an abuse of discretion this Court would
not be justified in reversing the judgment." (22) Our review, however, is limited to the trial
judge's determination of whether the defendant has raised grounds that are both
undeterminable from the record and reasonable, meaning they could entitle the defendant to
relief. This is because the trial judge's discretion extends only to deciding whether these two
requirements are satisfied. If the trial judge finds that the defendant has met the criteria, he
has no discretion to withhold a hearing. In fact, under such circumstances the trial judge
abuses his discretion in failing to hold a hearing. (23)

Ineffective Assistance of Counsel

 Initially we note that "ineffective assistance of counsel may be raised in a motion for
new trial." (24) Under Strickland v. Washington, a defendant seeking to challenge counsel's
representation must establish that his counsel's performance (1) was deficient, and (2)
prejudiced his defense. (25) To show deficiency "the appellant must prove by a preponderance
of the evidence that his counsel's representation objectively fell below the standard of
professional norms." (26) And to show prejudice, the appellant "must show there is a
reasonable probability that, but for his counsel's unprofessional errors, the result of the
proceeding would have been different." (27) "Reasonable probability" is a "probability
sufficient to undermine confidence in the outcome," meaning "counsel's errors were so
serious as to deprive the defendant of a fair trial, a trial whose result is reliable." (28) Before
he will be entitled to a hearing on his motion for new trial alleging ineffective assistance of
counsel, a defendant must allege sufficient facts from which a trial court could reasonably
conclude both that counsel failed to act as a reasonably competent attorney and that, but for
counsel's failure, there is a reasonable likelihood that the outcome of his trial would have
been different. (29)

ANALYSIS In his motion, the appellant alleged that his trial counsel was ineffective because he
failed both to inform the appellant of his right to testify at his adjudication hearing and to
introduce the medical records into evidence. Because "[t]he reasonableness of counsel's
choices often involves facts that do not appear in the appellate record," the record will
generally "not be sufficient to show that counsel's representation was so deficient as to meet
the first part of the Strickland standard." (30) The same is true in the instant case; whether
counsel's failures in fact show a deficiency that prejudiced the appellant's defense is not
determinable from the record. (31) Because the appellant's claim is not determinable from the
record, we must decide whether his motion and affidavit show reasonable grounds that could
entitle him to relief. To do so, the appellant must allege facts that would reasonably show
that his counsel's representation fell below the standard of professional norms and that there
is a reasonable probability that, but for his counsel's conduct, the result of the proceeding
would have been different. (32)

Counsel's Alleged Deficiency

 In his motion for new trial, the appellant complained that defense counsel was
deficient in two respects: (1) in directing the appellant "to just say not true and not to say
anything else"and "never giv[ing the appellant] a chance to say anything on [his] behalf," and
(2) in neglecting to offer into evidence the appellant's medical records, which indicated that
he had undergone spinal surgery and had been prescribed medication for severe pain. We
have said that "defense counsel shoulders the primary responsibility to inform the defendant
of his right to testify." (33) Thus, any shortfall by defense counsel in this regard may constitute
deficient performance under the first prong of Strickland. Additionally, we have recognized
that deficiency can be the result of commission or omission of an act, including failing to
present relevant evidence, that no other reasonable attorney would regard as sound trial
strategy. (34) If it can be said that no reasonable attorney would have failed to inform the
appellant of his right to testify, urged him to do so, and introduced the appellant's medical
records, then the performance of the appellant's counsel may well have fallen below
professional norms. However, even assuming such deficiencies exist, we find that the
appellant's motion and supporting affidavit do not provide reasonable grounds to believe that
he can satisfy the prejudice prong of Strickland; therefore, we need not determine whether
the appellant's motion and affidavit satisfy the deficiency prong of Strickland. (35) 

Prejudice

 In addressing the prejudice prong, the appellant's motion merely alleged that "the
information about which he would have testified may well have resulted in a different
outcome." He made no attempt to explain how this might be so. Nor does the record seem
to bear out his naked assertion.

 In a case in which the State alleges but a single ground in support of its motion to
proceed to adjudication, a bare assertion that counsel's alleged deficiency at the adjudication
hearing was prejudicial might be enough to entitle the defendant to a hearing on his motion
for new trial, if the prejudice seems evident on the record. But in this case, the trial court
found that the appellant committed three of the four violations alleged in the State's motion
to adjudicate. We have long held that "one sufficient ground for revocation would support
the trial court's order revoking" community supervision. (36) Thus, to be entitled to a hearing
on his motion for new trial, the appellant must present facts to show that reasonable grounds
exist to overturn each of the trial court's three findings of true that led to his adjudication:
(1) failure to report, (3) committing the offense of deadly conduct family violence, and (4)
committing the offense of terroristic threat. The appellant's motion and affidavit contend
that the appellant's testimony and the omitted medical records would have rebutted his
probation supervisor's statements concerning his failure to report, which was the basis of the
State's first ground for revocation. Thus, if taken as true, the appellant's proffered evidence
might vitiate the appellant's revocation based on the first allegation of failure to report. But
grounds three and four of the State's motion to revoke, if found true, remain sufficient to
support the trial court's decision to proceed to an adjudication of the appellant's guilt. Even
assuming that the appellant could successfully challenge the failure to report violation, the
trial court was justified in revoking his deferred-adjudication community supervision.

 Grounds three and four of the State's motion to adjudicate alleged that the appellant
committed the offenses of deadly conduct and terroristic threat, respectively. Both offenses
were alleged generally; therefore, all theories provided under the corresponding statutes were
available to the trial court. Therefore, the trial court's finding of true on allegations three and
four can be justified on any theory enumerated in the respective penal code provisions. 
Deadly conduct, Section 22.05 of the Texas Penal Code, provides:

 (a) A person commits an offense if he recklessly engages in conduct that
places another in imminent danger of serious bodily injury.


 (b) A person commits an offense if he knowingly discharges a firearm at or in
the direction of:

 

 (1) one or more individuals; or 


 (2) a habitation, building, or vehicle and is reckless as to
whether the habitation, building or vehicle is occupied. (37)

Even assuming, as the appellant contends, that no one was inside the vehicle when the
appellant shot out the tires, the appellant admits that he fired the gun at the vehicle and he
did so while Holt, the appellant's daughters, and a friend were all within the immediate area
surrounding the vehicle. The sheriff's deputy testified that he arrested the appellant for
deadly conduct because Holt and a friend "were in a vehicle which was shot at by [the
appellant] and a projectile could ricochet and hit them," placing them in potential danger of
serious bodily injury. Removing Holt and the friend from the inside of the vehicle does not
alter the potential danger in which the appellant's actions placed them. In fact, if the parties
were standing outside the vehicle, then there is arguably an even greater potential for a 
projectile to ricochet and hit them. Taking the parties out of the vehicle during the incident
only alters the section under which the appellant is guilty of deadly conduct, making the
appellant culpable under Section 22.05(a), instead of Section 22.05(b)(2). 

 Alternatively, terroristic threat, Section 22.07 of the Texas Penal Code, provides, in
pertinent part: 

 (a) A person commits an offense if he threatens to commit any offense
involving violence to any person or property with intent to:


* * *


 (2) place any person in fear of imminent serious bodily injury,

 

 (3) prevent or interrupt the occupation or use of . . . [an]
automobile[.] (38)


A threat can be both verbal and nonverbal. In his affidavit, the appellant maintains that he
did not point a gun at Holt. Assuming this contention to be true, the appellant is arguably not
guilty of terroristic threat under section 22.05(a)(2). The appellant's daughter, nevertheless,
testified during the revocation hearing that the appellant did pull a gun and that he did shoot
out the tires "to make sure that [Holt, his daughter, and the friend] could not leave." The
appellant himself admitted to the deputy sheriff that he shot the tires. Holt also testified
several times that the appellant told him, "You're not going anywhere." Consequently, even
assuming the appellant's contentions to be true, he could still have been found to have
committed a terroristic threat, under Section 22.05(a)(3), by threatening violence to prevent
or interrupt the use of an automobile. Therefore, by failing to successfully challenge all three
community supervision violations found true by the trial judge, the appellant's motion and
affidavit do not support his conclusory statement proclaiming that his testimony "may well
have resulted in a different outcome." The court of appeals erred in holding that the trial
court abused its discretion in failing to hold a hearing on the appellant's motion for new trial.

Punishment Prejudice

 The appellant argues that, even if the proposed testimony and omitted medical records
fall short of directly addressing all the violations alleged in the State's motion to adjudicate,
the appellant should still be entitled to a hearing on his motion "[b]ecause a revocation
hearing is effectively a 'second sentencing hearing,' [and] the trial judge is allowed to hear
and consider any relevant evidence that might justify a reduced sentence." (39) Essentially, the
appellant argues that the omitted testimony and evidence were material to the trial judge's
determination as to the length of his sentence for the original offense. While we accept the
appellant's premise that evidence presented at the adjudication hearing might also be relevant
to the trial court's punishment decision, we do not believe that this fact alone should entitle
him to a hearing on his motion for new trial. "We have frequently observed that the task of
setting a particular length of confinement within the prescribed range of punishment is
essentially a 'normative' judgment. * * * Indeed, we have described the sentencer's
discretion to impose any punishment within the prescribed range to be essentially
'unfettered.'" (40) Similarly, the decision of what punishment to assess after adjudicating the
defendant guilty is a purely normative process, not intrinsically factbound, and is left to the
unfettered discretion of the trial judge. Only the trial judge in this case could have known 
what factors he took into consideration in assessing the original punishment, and only he
would know how the defendant's testimony, if allowed, might have affected that assessment.
When the trial judge declined to hold a hearing on the appellant's motion for new trial, we
presume that he knew from the affidavits what the appellant's testimony at a hearing would
be, and that, even assuming any such testimony to be accurate and reliable, knew that it
would not have influenced his ultimate normative judgment. In that event, the trial court
could have concluded, without the necessity of a hearing, that the appellant suffered no
prejudice from any deficiency on his trial counsel's part with respect to the assessment of
punishment for the original offense. 

CONCLUSION

 The appellant's motion for new trial and supporting affidavit raised a matter not
determinable from the record, namely, that trial counsel was ineffective for failing to inform
him of his right to testify on his own behalf and to enter certain medical records into
evidence. However, despite having raised a matter not determinable from the record, the
appellant failed to establish reasonable grounds to believe that he could, under Strickland,
prevail on his claim of ineffective assistance of counsel, entitling him to a new adjudication
proceeding. Specifically, by failing to explain how counsel's allegedly unprofessional errors
would have changed the trial court's finding of true on all three violations in the State's
motion to adjudicate, the appellant failed to show that but for counsel's deficiency the result
of the hearing to adjudicate guilt would have been different. Consequently, appellant did not
present facts adequate to demonstrate reasonable grounds exist to believe he could prove
ineffective assistance of counsel at an evidentiary hearing. Under these circumstances, the
trial court did not abuse its discretion in failing to hold to a hearing on the appellant's motion
for new trial. Accordingly, the judgment of the Court of Appeals is reversed, the trial court's
denial of the motion for new trial is affirmed, and the cause is remanded to the court of
appeals to address the appellant's second issue--violation of his right to due process.




DELIVERED: June 17, 2009

PUBLISH
1. Strickland v. Washington, 466 U.S. 668 (1984).
2. Neither the motion for new trial itself nor the accompanying affidavit makes further mention
of how the appellant's testimony and the omitted medical records would have changed the outcome
of the adjudication proceeding.
3. Smith v. State, No. 10-07-00045-CR, 2008 Tex. App. LEXIS 2358 (Tex. App.--Waco Apr.
2, 2008) (not designated for publication). In its brief on appeal, the State argued that, because the
court of appeals at that time lacked jurisdiction to consider claims relating to the trial court's
determination to proceed with an adjudication of guilt, see former Tex. Code Crim. Proc. art.
42.12, § 5(b), prior to amendment by Acts 2007, 80th Leg., ch. 1308, § 5, p. 4397, eff. June 15, 2007,
it also therefore lacked jurisdiction to consider the appellant's claim that the trial court erred in
failing to grant a new adjudication hearing. The court of appeals disagreed, holding that it was not
deprived of jurisdiction because the issue presented on appeal was whether the trial court erred in
failing to hold a hearing on the appellant's motion for new trial, which is a post-adjudication
proceeding that does not arise from the determination to proceed to adjudication. Other courts of
appeals in Texas have held similarly. See Buerger v. State, 60 S.W.3d 358, 361 (Tex.
App.--Houston [14th Dist.], pet. ref'd); Amaro v. State, 970 S.W.2d 172, 173 (Tex. App.--Fort
Worth 1998, no pet.). See also Bahm v. State, 219 S.W.3d 391 (Tex. Crim. App. 2007) (motion for
new trial can be taken after a determination to adjudicate guilt, and trial court, when ruling on a
motion for new trial, must follow all required procedures, including holding an evidentiary hearing
when one is warranted). The State does not contest this holding in its petition for discretionary
review, and we express no opinion with respect to that issue here.
4. 

 Id. at *6.
5. 

 Id. at *3.
6. 

 Id. at *3-4.
7. 

 Id. at *4-6.
8. 

 Strickland v. Washington, supra.
9. Johnson v. State, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (noting that "this Court has
held that a trial court has no duty to inform a testifying defendant, represented by counsel, of his right
not to testify," nor does a trial court have a duty to inform a defendant about his right to testify). It
is a criminal defendant's constitutional right to testify on his own behalf. Rock v. Arkansas, 483 U.S.
44, 51-52 (1987); Johnson, 169 S.W.3d at 232. Such a right can be knowingly and voluntarily
waived only by the defendant, not his counsel. Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).
10. 

 In his second appellate issue, the appellant claimed that the trial court violated his right to
due process by adjudicating his guilt in part on a stale allegation. Because the court of appeals
remanded the cause to the trial court for a hearing on the appellant's motion for new trial, it declined
to address his second issue. Although the appellant attempted to raise his second issue as a ground
for discretionary review in this Court, we declined to grant review on that issue because there is no
"decision" from the court of appeals for this Court to review. E.g., Stringer v. State, 241 S.W.3d 52,
59 (Tex. Crim. App. 2007).
11. State v. Gonzalez, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993) (plurality opinion) (citing
Trevino v. State, 565 S.W.2d 938, 941 (Tex. Cr. App. 1978)).
12. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). See Martinez v. State, 74
S.W.3d 19, 21 (Tex. Crim App. 2002) ("The purpose of the hearing is to fully develop the issues
raised in the motion.").
13. Reyes, 849 S.W.2d at 816 (citing McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App.
1985)). See also Darrington v. State, 623 S.W.2d 414, 416 (Tex. Crim. App. 1981) (no abuse of
discretion to overrule motion for new trial without a hearing when "there were no issues presented
in appellant's motion for new trial which required proof to be developed outside the record").
14. 

 Reyes, 849 S.W.2d at 816.
15. Reyes , 849 S.W.2d at 816; Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). 
See also Lucero v. State, 246 S.W.3d 86, 95 (Tex. Crim. App. 2008) (trial court did not abuse its
discretion in declining to hold a hearing on appellant's new trial motion because the record presented
no reasonable grounds to believe that the alleged jury misconduct affected the jury's verdict).
16. George E. Dix & Robert O. Dawson, 43A Texas Practice: Criminal Practice and
Procedure § 41.23 (2d ed. 2001), at 181. The affidavit requirement for claims grounded on facts
outside the appellate record is a product of case law and is not a creature of statute or rule. Bahm
v. State, 219 S.W.3d 391, 395 (Tex. Crim. App. 2007). 
17. 

 Reyes, 849 S.W.2d at 816 (quoting McIntire, 698 S.W.2d at 658, which states that the
defendant's motion and supporting affidavits "must merely reflect that reasonable grounds exist for
holding that such relief could be granted"(emphasis added)); see also Wallace, 106 S.W.3d at 108
(quoting Martinez v. State, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002)).
18. Dix & Dawson, supra, § 41.24, at 182.
19. 

 E.g., King v. State, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000) (trial court did not abuse
its discretion in failing to hold a hearing on appellant's motion for new trial because the appellant's
bare assertions did not establish facts which would entitle him to a new trial); Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994) (affidavit that is conclusory in nature is "not sufficient to
put the trial judge on notice that reasonable grounds exist[] to believe counsel's representation may
have been ineffective").
20. Wallace, 106 S.W.3d at 106. See also Gonzalez, 855 S.W.2d at 696 ("Both the granting and
the denying of a motion for new trial rest within the discretion of the trial court, and appellate courts
ordinarily will not reverse that decision unless the trial court has abused its discretion.").
21. Gonzalez, 855 S.W.2d at 695 n.4, 696 (adding that it is not the reviewing court's place to
substitute its judgment for that of the trial court, but to determine whether its decision was
unreasonable or arbitrary). See also Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)
(clarifying that "[a] trial court abuses its discretion only when no reasonable view of the record could
support the court's ruling").
22. 

 Gonzalez, 855 S.W.2d at 696 (citing Grizzell v. State, 298 S.W.2d 816, 821 (Tex. Cr. App.
1956); Bryan v. State, 406 S.W.2d 210, 216 (Tex. Cr. App. 1966); Hill v. State, 480 S.W.2d 670,
673 (Tex. Cr. App. 1972); Etter v. State, 679 S.W.2d 511, 515 (Tex. Cr. App. 1984)).
23. 

 Reyes, 849 S.W.2d at 816; Wallace, 106 S.W.3d at 108. A hearing on the motion for new
trial is mandatory only when the trial judge determines that a defendant has asserted reasonable
grounds for relief and that the facts supporting those grounds are not determinable from the record. 
A trial judge is not required to hold a hearing on the motion if he determines that the defendant has
failed to show one or both of these requirements. But, it is worth noting that in cases in which one
requirement is lacking, the trial judge may still, in his discretion, conduct a hearing before granting
or denying the motion. It would never, however, amount to an abuse of discretion not to.
24. Reyes, 849 S.W.2d at 815. See Hill, 480 S.W.2d at 202-03 (noting that a person placed on
deferred adjudication and later facing an adjudication proceeding has the right to be assisted by
counsel, which includes the right to reasonably effective assistance). See, e.g., Moore v. State, 4
S.W.3d 269, 277 (Tex. App.--Houston [14th Dist.] 1999, no pet. h.) (addressing merits of a motion
for new trial based on ineffective assistance of counsel); State v. Kelley, 20 S.W.3d 147, 150 (Tex.
App.--Texarkana 2000, no pet. h.) (affirming the granting of a motion for new trial, in the interest
of justice, based on ineffective assistance of counsel claim).
25. Strickland, 466 U.S. at 687; Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); 
Ex parte McFarland, 163 S.W.3d 743, 753-54 (Tex. Crim. App. 2005).
26. 

 Mitchell, 68 S.W.3d at 642; McFarland v. State, 928 S.W.2d 482, 500 (Tex. Cr. App.
1996). See Ex parte McFarland, 163 S.W.3d at 753 (explaining that counsel's conduct was deficient
if he failed to act as "'a reasonably competent attorney' would have under the circumstances"). Trial
counsel's conduct during his representation, evaluated as a whole, is presumed to fall within the wide
range of reasonable professional assistance. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). Thus, the burden is on the appellant to prove, by a preponderance of evidence, that his trial
counsel's performance was ineffective. Id.
27. 

 Strickland, 466 U.S. at 694.
28. 

 Id. at 687, 694. See also Mitchell, 68 S.W.3d at 644 (appellant failed to show he was
prejudiced by counsel's performance because he did "not show a reasonable probability that the
result of the proceeding would have been different but for counsel's performance"). 
29. See, e.g., Jordan, 883 S.W.2d at 664-65 (finding that Jordan's motion did not show
deficiency or prejudice, and therefore failed to give notice that reasonable grounds existed to entitle
him to relief); King, 29 S.W.3d at 566 (finding that appellant failed to demonstrate either of the
Strickland prongs); Buerger, 60 S.W.3d at 362-63 (finding that the trial court had not abused its
discretion in not holding a hearing on appellant's motion for new trial because appellant "failed to
explain or demonstrate that the significance of [his attorney's] actions, if true, were deficient or how
they harmed him"); Cooks v. State, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007) (deeming an
affidavit conclusory because it failed to set out what the omitted evidence "would have revealed that
reasonably could have changed the result of the case," thus implying that an affidavit in support of
an ineffective assistance of counsel claim must spell out how the outcome would be different but for
the ineffectiveness of counsel).
30. Mitchell, 68 S.W.3d at 642; Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998).
31. 

 The State does not contest that the appellant's claims are not determinable from the trial
record.
32. Strickland, 466 U.S. at 687.
33. Johnson v. State, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (noting that "this Court has
held that a trial court has no duty to inform a testifying defendant, represented by counsel, of his right
not to testify," nor does a trial court have a duty to inform a defendant about his right to testify). It
is a criminal defendant's constitutional right to testify on his own behalf. Rock v. Arkansas, 483 U.S.
44, 51-52 (1987); Johnson, 169 S.W.3d at 232. Such a right can be knowingly and voluntarily
waived only by the defendant, not his counsel. Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).
34. 

 Strickland, 466 U.S. at 687, 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)); Ex
parte McFarland, 163 S.W.3d at 753. 
35. See Strickland, 466 U.S. at 697 (courts need not "address both components of the inquiry
if the defendant makes an insufficient showing on one").
36. Jones v. State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978). See also Gobell v. State,
528 S.W.2d 223 (Tex. Crim. App. 1975) (trial court's revocation of Gobell's probation was proper
because, even if his contentions were correct, his revocation was based on two offenses and he
challenged only one); Ross v. State, 523 S.W.2d 402 (Tex. Crim. App. 1975) (State's allegation of
failure to report to probation officer was sufficient to revoke Ross's probation, despite any showing
of deficiency in the other two violations alleged in the motion to revoke).
37. Tex. Pen. Code § 22.05.
38. Tex. Pen. Code § 22.07.
39. Appellant's Brief, at 13-14. The appellant argues that the trier of fact may consider the
evidence presented at the adjudication hearing both in deciding whether to adjudicate guilt and in
determining the appropriate punishment to be assessed within the applicable range. Even if his trial
counsel's ineffectiveness did not make a difference in the adjudication decision, he argues, it still
could have adversely affected him with respect to the punishment assessment, and he should have
been allowed to develop the evidence of ineffective assistance of counsel at a hearing on his motion
for new trial if only for this purpose.
40. Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (noting that there are "a few
specific instances where the range of punishment depends upon the determination of discrete facts"
and that those instances, being intrinsically factbound, do not involve a normative process); Sunbury
v. State, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002); Mendiola v. State, 21 S.W.3d 282, 285 (Tex.
Crim. App. 2000); Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999); Miller-El v.
State, 782 S.W.2d 892, 895-96 (Tex. Crim. App. 1990); Murphy v. State, 777 S.W.2d 44, 63 (Tex.
Crim. App. 1988) (plurality opinion on State's motion for rehearing).